© COPY

FILED

1   HANSON BRIDGETT LLP
    DOROTHY S. LIU - 196369
2   dliu@hansonbridgett.com
    LISA M. POOLEY - 168737
3   lpooley@hansonbridgett.com
    SAMANTHA D. TAMA - 240280
4   stama@hansonbridgett.com
    425 Market Street, 26th Floor
5   San Francisco, CA 94105
    Telephone: (415) 777-3200
6   Facsimile: (415) 541-9366

7   Attorneys for Defendants CEMEX, INC. and CEMEX
    CONSTRUCTION MATERIALS PACIFIC, LLC
8

2009 MAY 20  PM 1:38

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12   RUBIN LOPEZ, on behalf of          Case No. CV09-3592
     himself, and all others similarly
13   situated,                                                        SVW
                                                                      (CTx)
14              Plaintiff,              DEFENDANTS' NOTICE OF
                                        REMOVAL
15        v.
                                        28 U.S.C. §§ 1253, 1332(d)
16   CEMEX, INC., a Corporation; RMC    (Class Action Fairness Act of 2005)
     PACIFIC MATERIALS, INC., a
17   Corporation; CEMEX                 (Los Angeles County Superior Court
     CONSTRUCTION MATERIALS            Case
18   PACIFIC, LLC and DOES 1 through    No. BC411793)
     60, inclusive,
19
                Defendants.
20

21        TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL

22   DISTRICT OF CALIFORNIA AND TO PLAINTIFF RUBIN LOPEZ AND HIS

23   COUNSEL OF RECORD:

24        PLEASE TAKE NOTICE THAT Defendants CEMEX, INC. ("CEMEX")

25   and CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC ("CEMEX CMP")

26   (collectively, "Defendants") file this Notice of Removal under 28 U.S.C. §§ 1441

27   and 1446. This Court has original jurisdiction over this action under 28 U.S.C. §

28   1332(d)(2), and may remove this action from the Superior Court of the State of

- 1 -

1  California, County of Los Angeles, where this action was initiated.  This Court has

2  original jurisdiction over this action under the Class Action Fairness Act of 2005

3  ("CAFA") in that the Complaint purports to be a class action, there is diversity of

4  citizenship under CAFA, and the aggregate amount in controversy exceeds

5  $5,000,000, exclusive of costs and interest.  *See* 28 U.S.C. § 1332(d)(2)(A).

6                                          **BACKGROUND**

7          1.      On April 14, 2009, Plaintiff Rubin Lopez, individually and on

8  behalf of all others similarly situated, filed a "Class Action" Complaint against

9  Defendants in the Superior Court of the State of California, Los Angeles County,

10  Central District, Case No. BC411793.  Plaintiff's Complaint alleges claims of

11  failure to provide meal periods (California Labor Code §§ 226.7, 512), failure to

12  provide rest periods (California Labor Code § 226.7), failure to make payment

13  within required time (California Labor Code §§ 201, 202, 203), failure to provide

14  accurate itemized statements (California Labor Code § 226(a)), enforcement of the

15  Private Attorneys General Act (California Labor Code § 2698, *et seq.*), and unfair

16  business practices (California Business and Professions Code § 17200).  Plaintiff

17  also seeks interest, attorneys' fees, and compensatory, exemplary, and punitive

18  damages.  A true and correct copy of the Complaint is attached hereto as Exhibit

19  "A."

20          2.      The Complaint seeks to certify a class of "all employees who are or

21  were 'quarry workers' of Defendants and/or Defendants' predecessors in the State

22  of California at any time since April 13, 2005."  (Compl., ¶ 11.)

23          3.      On May 14, 2009, Defendants filed an Answer to Complaint in the

24  Superior Court of California, County of Los Angeles.  A true and correct copy of

25  that Answer is attached hereto as Exhibit "B."

26          4.      Defendants have not previously removed this case under the Class

27  Action Fairness Act of 2005 ("CAFA").

28  ////

                                        - 2 -

**TIMELINESS OF REMOVAL**

5.      Defendants were served with Plaintiff's Complaint on April 21, 2009. A true and correct copy of the Proof of Service of Summons is attached hereto as Exhibit "C." This Notice of Removal is timely as Defendants have filed it "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

**ORIGINAL JURISDICTION - CLASS ACTION FAIRNESS ACT**

6.      This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. § 1332(d)(2). Pursuant to CAFA, district courts have jurisdiction over class actions in which the amount in controversy exceeds $5 million in the aggregate and any one member of the putative class is diverse from any defendant. 28 U.S.C. § 1332(d)(2). As discussed below, this action is removable under 28 U.S.C. § 1441(a) in that the District Court has original jurisdiction over the action because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the Complaint alleges a class action in which the named Plaintiff is a citizen of a state (California) that is different from that of Defendant CEMEX (Louisiana and Texas). 28 U.S.C. §§ 1332(d)(2), (d)(6). Additionally, the number of putative class members exceeds 100. *See* 28 U.S.C. § 1332(d)(5)(B).

7.      Defendants CEMEX and CEMEX CMP hereby consent to removal. *See* 28 U.S.C. § 1453(b) (under CAFA, class actions may be removed by any defendant without the consent of all defendants).

**DIVERSE CITIZENSHIP OF THE PARTIES**

8.      **Plaintiff's Citizenship.** Plaintiff was at all times relevant to the Complaint employed by Defendants in the City of Azusa, located in Los Angeles County. (Compl., ¶ 4.) Plaintiff is a citizen of California. (Compl., ¶ 1.)

- 3 -

9.     **Defendants' Citizenship.**  Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State in which it has been incorporated, and of the State where it has its principal place of business." Defendant CEMEX is a corporation incorporated under the laws of Louisiana, and its principal place of business is in Houston, Texas.  (Decl. of Stephen Eachus Supp. Removal ("Decl. Eachus"), ¶ 6.)  Defendant CEMEX CMP is a corporation incorporated under the laws of Delaware, and its principal place of business is in El Dorado Hills, California.  (Decl. of Matthew Dayley Supp. Removal ("Decl. Dayley"), ¶ 6.)

10.     **Doe Defendants.**  Under 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants one through sixty, inclusive, does not deprive this Court of jurisdiction.

11.     Thus, minimal diversity under CAFA exists where, as here, Plaintiff, who is a citizen of California, is diverse from Defendant CEMEX, whose principal place of business is in Texas and is incorporated under the laws of Louisiana.  *See* 28 U.S.C. § 1332(d)(2).

## AMOUNT IN CONTROVERSY

12.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).

13.     Congressional intent in establishing CAFA was to create federal jurisdiction where the "value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. REP. 109-14, at 49.  And, as the Senate

1   Judiciary Committee's Report on CAFA makes clear, any doubts regarding whether
2   interstate class action lawsuits should be maintained in state or federal court should
3   be resolved in favor of federal jurisdiction.  S. REP. 109-14, at 49 ("[I]f a federal
4   court is uncertain about whether 'all matters in controversy' in a purported class
5   action 'do not in aggregate exceed the sum or value of $5,000,000,' the court
6   should err in favor of exercising jurisdiction over the case . . . Overall, new section
7   1332(d) is intended to expand substantially federal court jurisdiction over class
8   actions.  Its provisions should be read broadly, with a strong preference that
9   interstate class actions should be heard in a federal court if properly removed by
10  any defendant.").

11      14.    Plaintiff asserts in his Complaint that the relief sought is less than
12  $75,000 per class member.  (Compl., ¶ 1.)  That the Complaint does not specify the
13  *total* amount in controversy, including damages or other monetary relief, does not
14  deprive this Court of jurisdiction.  *See White v. J.C. Penny Life Ins. Co.*, 861 F.
15  Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove case notwithstanding
16  plaintiff's failure to plead a specific dollar amount in controversy).  Defendants
17  must only establish by a preponderance of the evidence that Plaintiff's claims
18  exceed the jurisdictional minimum.  *Matheson v. Progressive Specialty Ins. Co.,*
19  319 F.3d 1089, 1090 (9th Cir. 2003); *Singer v. State Farm Mutual Auto Ins. Co.,*
20  116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
21  398, 404 (9th Cir. 1996).  Though Defendants deny liability as to each of Plaintiff's
22  claims, the alleged amount in controversy in this action, including wages, penalties,
23  attorneys' fees, punitive damages, and other monetary relief at issue, far exceeds
24  the $5,000,000 jurisdictional minimum, as explained below.

25      15.    **Applying the Purported Class Definition.**  The Complaint defines
26  the alleged putative class as follows: "all employees who are or were 'quarry
27  workers' of Defendants and/or Defendants' predecessors in the State of California
28  at any time since April 13, 2005."  (Compl., ¶ 11.)  Plaintiff defines "quarry

- 5 -

workers" as employees who "worked in any of the dozen or more quarries operated by CEMEX, RMC PACIFIC MATERIALS and CEMEX CONSTRUCTION MATERIALS PACIFIC in the state of California." (*Id.* at ¶ 4.)

16.    At the five different aggregates quarry locations in Southern California, CEMEX's operating entities employ hourly employees in a variety of positions, including laborers, equipment operators, weighmasters, and mechanics. (Decl. Dayley, ¶ 2.)

17.    A review of CEMEX's employment records for Southern California indicates that CEMEX's operating entities have employed approximately 191 hourly employees at their aggregates quarry locations since April 14, 2005, with an average of 117 active employees for each year since then until April 2009.  (Decl. Dayley, ¶ 3.)

18.    In Southern California, the wage rate for an hourly aggregates quarry employee increases gradually as the employee continues to work for CEMEX's operating entities, pursuant to a set salary matrix.  Over 85 percent of the hourly employees at these aggregate quarries have been or were employed by CEMEX's operating entities for *more than* one year.  A review of the CEMEX payroll records for Southern California indicates the following range of wage rates for hourly employees with just one year of employment with CEMEX's operating entities: in 2005, from $13.10 to $26.10; in 2006 from $13.55 to $27.00; in 2007 from $13.80 to $27.55; and in 2008 from $14.15 to $28.30.  (Decl. Dayley, ¶ 5.)  Thus, the average wage rates for those employees are:

| YEAR | AVERAGE |
|------|---------|
| 2005 | $19.60  |
| 2006 | $20.28  |
| 2007 | $20.68  |
| 2008 | $21.23  |

- 6 -

19.     A review of CEMEX's employment records for Northern California indicates that CEMEX's operating entities have employed over 350 hourly employees at their aggregates quarry locations since April 14, 2005, with an average of 192 active employees for each year since then until April 2009.  (Decl. Eachus, ¶ 5.)

20.     In Northern California, the wage rate for an hourly aggregates quarry employee is set by the applicable collective bargaining agreements.  A review of CEMEX's (and its predecessor companies') collective bargaining agreements for the Northern California aggregates quarry employees indicates the following range of wage rates for hourly aggregates quarry employees: in 2005, from $16.05 to $29.50; in 2006, from $17.05 to $30.75; in 2007, from $18.05 to $27.51; in 2008, from $19.05 to $29.51.  (Decl. Eachus, ¶ 4.)  Thus, the average wage rates for those employees are:

| YEAR | AVERAGE |
| --- | --- |
| 2005 | $22.76 |
| 2006 | $23.90 |
| 2007 | $22.78 |
| 2008 | $24.28 |

21.     For purposes of calculating the amount in controversy, Defendants conservatively assume that the average putative class member only worked *one* full calendar year and earned the average wage rates in the stated ranges.  Defendants also conservatively allot 4 weeks for vacation, holidays, and other time off.  This time calculation breaks down for full years as follows: 48 weeks x 5 days/week = 240 days worked.  Because Plaintiff's claims reach back only to April 13, 2005, Defendants conservatively calculate days worked in 2005 as follows: 32 weeks x 5 days/week = 160 days worked.  Defendants also conservatively do not calculate any worked hours for calendar year 2009.

- 7 -

1   22.   **Meal Periods.**   Labor Code § 226.7 provides for one hour of

2   additional pay for each workday that a meal period is not provided.  Plaintiff alleges

3   that "Defendants routinely failed to provide Plaintiff and Class Members duty-free

4   meal periods and/or to pay Plaintiff and Class Members one additional hour of pay

5   for duty-free meal periods that were not provided in accordance with Labor Code

6   Sections 226.7 and 512 and Wage Order 1 and/or Wage Order 9, since April 13,

7   2005 to present."  (Compl., ¶ 26.)  Using Defendants' conservative numbers, there

8   are at least 117 putative class members in Southern California who worked an

9   average of one year, working an average of 240 days/year, for each year from 2006

10   through 2008, and working an average of 160 days/year for 2005.  The amount in

11   controversy for the putative class members in Southern California from 2005

12   through 2008 for the meal period claim only is conservatively calculated at

13   **$2,083,207.20.**  This breaks down as follows: in 2005, the range of wage rates was

14   from $13.10 to $26.10 and the average wage earner received $19.60/hour x 160

15   days/year x 117 putative class members = $336,912.00 in 2005; in 2006, the range

16   of wage rates was from $13.55 to $27.00 and the average wage earner received

17   $20.28/hour x 240 days/year x 117 putative class members = $569,462.40 in 2006;

18   in 2007, the range of wage rates was from $13.80 to $27.55 and the average wage

19   earner received $20.68/hour x 240 days/year x 117 putative class members =

20   $580,694.40 in 2007; in 2008, the range of wage rates was from $14.15 to $28.30

21   and the average wage earner received $21.23/hour x 240 days/year x 117 putative

22   class members = $596,138.40.  Added up, the amount in controversy for the meal

23   period claim for the Southern California putative class members totals

24   $2,083,207.20.

25   23.   The meal period claim for the Northern California putative class is

26   calculated similarly.  Using Defendants' conservative numbers, there are at least

27   192 putative class members in Northern California who worked an average of one

28   year, working an average of 240 days/year, for each year from 2006 through 2008,

- 8 -

1  and working an average of 160 days/year for 2005.  The amount in controversy for

2  the putative class members in Northern California from 2005 through 2008 for the

3  meal period claim only is conservatively calculated at **$3,969,024.00**  This breaks

4  down as follows: in 2005, the range of wage rates was from $16.05 to $29.50 and

5  the average wage earner received $22.78/hour x 160 days/year x 192 putative class

6  members = $699,801.60 in 2005; in 2006, the range of wage rates was from $17.05

7  to $30.75 and the average wage earner received $23.90/hour x 240 days/year x 192

8  putative class members = $1,101,312.00 in 2006; in 2007, the range of wage rates

9  was from $18.05 to $27.51 and the average wage earner received $22.78/hour x 240

10  days/year x 192 putative class members = $1,049,702.40 in 2007; in 2008, the

11  range of wage rates was from $19.05 to $29.51 and the average wage earner

12  received $24.28/hour x 240 days/year x 192 putative class members =

13  $1,118,822.40 in 2008.  Added up, the amount in controversy for the meal period

14  claim for the Northern California putative class members totals $3,969,638.40.

15  *Thus, the total amount in controversy for the meal period claim for both the*

16  *Northern California putative class members and the Southern California putative*

17  *class members is $6,052,845.60.*

18      24.    Based on Defendants' conservative calculations of the amount in

19  controversy, as detailed above, the total amount in controversy in this case with

20  respect to only one of Plaintiff's causes of action for missed meal periods totals

21  **$6,052,845.60.**  This figure excludes from calculations Plaintiff's claims for failure

22  to provide rest periods under Labor Code section 226.7, failure to make payment

23  within the required time under Labor Code sections 201-203, enforcement of the

24  Private Attorneys General Act, Unfair Business Practices under Business and

25  Professions Code section 17200, attorneys' fees, and any punitive damages or other

26  penalties.  The preponderance of the evidence is that the amount sought by the

27  facial allegations of Plaintiff's Complaint exceeds $5,000,000, exclusive of interest,

28  costs,  punitive damages, and other penalties.

1      25.    Here, where diversity of citizenship exists (Plaintiff is a citizen of the

2  State of California, and Defendant CEMEX is incorporated in Louisiana and its

3  principal place of business is in Texas), and where the amount in controversy

4  exceeds $5,000,000, this Court has original jurisdiction of this action under 28

5  U.S.C. § 1332(d)(2).  This action is therefore proper for removal to this Court under

6  28 U.S.C. § 1441(a).

7                 **VENUE AND INTRADISTRICT ASSIGNMENT**

8      26.    Venue lies in the Western division of this Court under 28 U.S.C. §§

9  1441, 1446(a), and 84(c)(2).  Plaintiff alleges that he was employed by Defendants

10  as a quarry worker in the City of Azusa in the County of Los Angeles.  A related

11  case, *Lucas, et al., v. CEMEX, Inc.*, Case No. CV08-7953, is also now pending

12  before The Honorable Philip S. Gutierrez in the Western Division of the Central

13  District of California.

14                         **NOTICE OF REMOVAL**

15      27.    This Notice of Removal will simultaneously be served on Plaintiff and

16  promptly filed with the clerk of the Superior Court of the State of California in and

17  for the County of Los Angeles.

18                     **STATE COURT DOCUMENTS**

19      28.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach herewith, and

20  incorporate by reference, the following documents, which are all process,

21  pleadings, and orders served on Defendants and filed in the Superior Court of the

22  State of California in and for the County of Los Angeles prior to the Notice of this

23  Removal:

24        a.    Summons and Complaint (**Exhibit A**);

25        b.    Proof of Service of Summons (**Exhibit B**);

26        c.    Civil Case Cover Sheet, Civil Case Cover Sheet and Statement of

27  Location; Notice of Case Assignment – Unlimited Civil Case Assignment for All

28  Purposes; Alternative Dispute Resolution Information Package; (**Exhibit D**);

1     d.     Defendant's Answer to the Complaint (**Exhibit C**);

2          WHEREFORE Defendants respectfully request that this action now proceed

3     against Defendants in this Court as an action properly removed.

4     DATED:  May 19, 2009                HANSON BRIDGETT LLP

5

6                                    By: _Lisa M. Pooley_____

7                                    DOROTHY S. LIU
                                     LISA M. POOLEY
8                                    SAMANTHA D. TAMA
                                     Attorneys for Defendants
9                                    CEMEX, INC., and CEMEX
                                     CONSTRUCTION MATERIALS PACIFIC,
10                                   LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 11 -

# EXHIBIT A

COPY

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CEMEX, INC., a Corporation; RMC PACIFIC MATERIALS, INC., a Corporation; CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC and DOES 1 through 60, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RUBIN LOPEZ, on behalf of himself, and all others similarly situated

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 1 4 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF LOS ANGELES - CENTRAL DISTRICT<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>BC 411793 |

CLASS ACTION
UNLIMITED CIVIL ACTION

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas N. Silverstein, Esq. (SBN 181957)          (310) 273-3180          (310) 273-6137
KESLUK & SILVERSTEIN, P.C.
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069

DATE:          JOHN A. CLARKE          Clerk, by          M. GARCIA          , Deputy
*(Fecha)*                               *(Secretario)*                               *(Adjunto)*

APR 1 4 2009

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | Page 1 of 1 |

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1  Douglas N. Silverstein, Esq., SBN 181957
2  Benjamin J. Zicherman, Esq., SBN 254779
   KESLUK & SILVERSTEIN, P.C.
3  9255 Sunset Blvd., Suite 411
   Los Angeles, CA 90069-3309
4  Telephone: (310) 273-3180
   Facsimile: (310) 273-6137
5  dsilverstein@californialaborlawattorney.com
   bzicherman@californialaborlawattorney.com
6
7  Alan L. Siegel, Esq., SBN: 120156
   Michael D. Myers, Esq., SBN: 086996
8  MYERS & SIEGEL, P.C.
   675 W. Foothill Blvd., Suite 200
9  Claremont, California 91711
   Telephone: (909) 398-4200
10 Facsimile: (909) 398-4220

11 Attorneys for Plaintiff Rubin Lopez and the Putative Class

12                 SUPERIOR COURT OF CALIFORNIA

13         COUNTY OF LOS ANGELES - CENTRAL DISTRICT

14

15 RUBIN LOPEZ, on behalf of himself,         CASE NO.    BC 411793
   and all others similarly situated,
16                                            CLASS ACTION
                 Plaintiff,
17                                            COMPLAINT FOR DAMAGES AND
18        vs.                                 EQUITABLE RELIEF:

19 CEMEX, INC., a Corporation; RMC            1.  Failure to Provide Meal Periods
   PACIFIC MATERIALS, INC.; a                 2.  Failure to Provide Rest Periods
20 Corporation; CEMEX CONSTRUCTION            3.  Failure to Make Payment Within Required
   MATERIALS PACIFIC, LLC and DOES                Time
21 1 through 60, inclusive,                   4.  Failure to Provide Accurate Itemized
                                                  Statements
22                                            5.  Enforcement of Private Attorney General
                 Defendants.                      Act (Labor Code §2698, et seq.)
23                                            6.  Violation of Business and Professions Code
                                                  §17200
24
                                             PUNITIVE DAMAGES
25
                                             JURY TRIAL DEMANDED
26

27        Plaintiff RUBIN LOPEZ (hereinafter referred to as "Plaintiff"), brings this class

28 action on behalf of himself and other similarly situated current and former quarry workers in the

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

                              1

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 14 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

1   State of California (hereinafter collectively referred to as "Class Members") of Defendants

2   CEMEX, INC. ("CEMEX"), RMC PACIFIC MATERIALS, INC, CEMEX CONSTRUCTION

3   MATERIALS PACIFIC, LLC and other as of yet unnamed Defendants, DOES 1 through 60,

4   inclusive (collectively, "Defendants"), who are similarly situated, for violations of the California

5   Labor Code. Plaintiff reserves the right to name additional class representatives. Plaintiff and

6   Class Members seek damages, statutory penalties, attorneys' fees, statutory interest, and costs of

7   suit.

8                              **JURISDICTION AND VENUE**

9          1.   This Court has jurisdiction over the claims alleged herein. Plaintiff, and all or

10  substantially all of the class members are citizens of California. Defendants were and are a

11  corporation doing business throughout California and in the County of Los Angeles. Plaintiff

12  asserts no claims arising from federal law. Rather, Plaintiff brings causes of action solely on, and

13  arising from California statutory and common law. The relief requested is within the jurisdiction

14  of this Court. The relief sought is less than $75,000 per class member.

15         2.   Venue is proper in the City and County of Los Angeles. Defendants conduct

16  business in Los Angeles. The employment of the named Plaintiff was carried out in the County

17  of Los Angeles.

18                              **DEMAND FOR JURY TRIAL**

19         3.   Plaintiff hereby demands a jury trial of these matters, except those matters that must

20  be heard before a judge.

21                                        **PARTIES**

22         4.   Plaintiff RUBEN LOPEZ is a former employee of Defendant CEMEX, and brings

23  this action on behalf of those who are similarly situated and on behalf of the people of the State of

24  California. His last position with Defendants was quarry worker in the City of Azusa in the

25  County of Los Angeles. (As used herein, "quarry worker" refers to an employee who worked in

26  any of the dozen or more quarries operated by CEMEX, RMC PACIFIC MATERIALS and

27  CEMEX CONSTRUCTION MATERIALS PACIFIC in the state of California. These quarry

28  workers had many job responsibilities in the quarries, including but not limited to tire men, dump

*Keshk & Silverstein, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

2

CLASS ACTION COMPLAINT FOR DAMAGES

1  truck operators, loaders, front-end loader operators, water truck and sweeper operators and scale

2  house operators.)

3      5.   Plaintiff is informed and believes and on such grounds allege that at all times herein

4  mentioned Defendants were and are doing business throughout California and in the County of

5  Los Angeles, and are "persons" as defined in California Labor Code Section 18. Defendant

6  CEMEX, INC. is a Louisiana Corporation. Defendant RMC PACIFIC MATERIALS, INC., is a

7  Delaware Corporation. Defendant CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, is

8  a Delaware Corporation. In addition, Defendants are "employers" as that term is used in the

9  California Labor Code and the California Industrial Welfare Commission's Orders regulating

10  wages, hours, and working conditions.

11      6.   Plaintiff does not know the true names and capacities, whether individual, partners or

12  corporate, or otherwise, of the Defendants sued as DOES 1 through 60, inclusive, and for that

13  reason said Defendants are sued herein under such fictitious names, and Plaintiff and Class

14  Members pray leave to amend this Complaint when the true names and capacities are known.

15  Plaintiff is informed and believes, and thereupon alleges that DOES 1 through 60 are responsible,

16  individually and collectively, for the injuries to Plaintiff and Class Members alleged herein.

17      7.   Except as otherwise stated herein, at all times herein mentioned, each of the

18  Defendants participated in the acts herein alleged to have been done by the other Defendants, and

19  furthermore, the Defendants, and each of them, were the agents, servants, representatives and

20  employees of each of the other Defendants, and at all times herein mentioned were acting within

21  the course, scope and authority of said agency and employment. All references to Defendants

22  include the named Defendants CEMEX, INC., RMC PACIFIC MATERIALS, INC., CEMEX

23  CONSTRUCTION MATERIALS PACIFIC, LLC, and DOE Defendants herein.

24      8.   Except as otherwise stated herein, at all times herein mentioned, Defendants, and

25  each of them, were members of, and engaged in, a joint venture and common enterprise and acted

26  within the course and scope of and in pursuance of said joint venture and enterprise.

27      9.   Except as otherwise stated herein, at all times herein mentioned, the acts and

28  omissions of the various Defendants, and each of them, concurred and contributed to the various

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3
CLASS ACTION COMPLAINT FOR DAMAGES

1   acts and omissions of each and all of the other Defendants in proximately causing the injuries and

2   damages as herein alleged.

3       10.  Except as otherwise stated herein, at all times herein mentioned, Defendants, and

4   each of them, ratified each and every act or omission complained of herein.

5                                CLASS ALLEGATIONS

6       11.  Plaintiff brings this lawsuit as a class action, pursuant to California Code of Civil

7   Procedure Section 382, on behalf of all employees who are or were "quarry workers" of

8   Defendants and/or Defendants' predecessors in the State of California at any time since April 13,

9   2005.

10      12.  Defendants, by their practices and policies, have violated the rights of their

11  employees under the California Labor Code, and applicable Wage Orders, including but not

12  limited to Wage Order 1 and/or Wage Order 9.  The questions raised are of common or general

13  interest to the class members, and they have a well defined community of interest in the questions

14  of law and fact raised in this action, because the action focuses on Defendants' systemic course of

15  illegal payroll practices or policies, which were applied to all employees who are or have been

16  quarry workers in the State of California, in violation of the California Industrial Welfare

17  Commission Wage Orders, and the California Labor Code, and the California Business and

18  Professions Code which prohibits unfair business practices arising from such violations.

19      13.  Plaintiff is informed and believes and on such grounds allege, that there are hundreds

20  of current and former quarry workers who have been subject to Defendants' unlawful and

21  wrongful practices and, therefore, their numerosity makes it impractical to bring them all before

22  this Court, and disposition of their claims in a class action is a benefit to the parties and to the

23  Court.

24      14.  The class that Plaintiff seeks to represent, as described herein, is clearly ascertainable.

25  The rights of these individuals under the California Industrial Welfare Commission Wage Orders

26  and California Labor Code have been violated by Defendants' failures to provide a duty-free meal

27  and/or rest period and/or to pay one hour wages for Defendants' failures to provide a duty-free

28  meal and/or rest period as required by law, and Defendants' failures to pay employees for all

*Kesluk & Silverstein, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

CLASS ACTION COMPLAINT FOR DAMAGES

1  wages due.

2      15.  The claims of Plaintiff, which are for failure to provide duty-free meal and/or rest

3  periods or to pay one hour wages for Defendants' failures to provide a duty-free meal and/or rest

4  period in accordance with the law, and failure to pay employees for all wages due are typical of

5  the claims of the Class Members, because Plaintiff and Class Members have suffered from the

6  same violations of the law as the class.  Plaintiff has retained competent counsel to represent them

7  and the Class Members, and will fairly and adequately represent the interests of the class.

8      16.  A class action is superior to other available means for a fair and efficient adjudication

9  of this controversy.  Individual joinder of all Class Members is not practicable, and questions of

10  law and fact common to the class predominate over any questions affecting only individual

11  members of the class.  Each Class Member has been damaged and is entitled to recover by reason

12  of Defendants' illegal policy and/or practice of failing to provide duty-free meal or rest periods,

13  failing to pay wages for meal or rest periods not provided as required by law, and failing to pay

14  all wages due.  Class action treatment will allow those similarly situated persons to litigate their

15  claims in the manner that is most efficient and economical for the parties and the judicial system.

16                      **FACTS COMMON TO ALL CAUSES**

17      17.  During the times pertinent to this Complaint, Defendants were and are in the business

18  of manufacturing concrete and cement and delivering their products to customers.  Defendants'

19  business has been regulated by various California Labor Code Sections including but not limited

20  to 226.7 and 512, 1194, and various Wage Orders, including but not limited to Wage Order 1

21  and/or Wage Order 9, at all pertinent times.

22      18.  During the times pertinent to this Complaint, Plaintiff was employed by one or more

23  of the Defendants.   During the times pertinent to this Complaint, Defendants failed to provide

24  duty-free meal and/or rest periods in accordance with California Labor Code Sections 226.7 and

25  512, and the applicable Wage Order and/or failed to pay employees one additional hour of pay for

26  each duty-free meal or rest period that was not provided in accordance with California law, and/or

27  failed to pay employees all wages due.

28      19.  At all times since April 13, 2005, Labor Code Section 226.7 provided:

Kesluk & Silverstein, P.C.
255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

20. At all times since April 13, 2005, Labor Code Section 512 provided:

(a) An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

21. At all times since April 13, 2005, Section 11 of Wage Order No. 1 (hereinafter "Wage Order 1(11)") provided:

Meal Periods. (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. . .

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C) Unless the employee is relieved of all duty during a thirty (30) minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

22. At all times since April 13, 2005, Section 12 of Wage Order No. 1 (hereinafter "Wage Order 1(12)") provided:

Kesluk & Silverstein, P.C.
255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6

CLASS ACTION COMPLAINT FOR DAMAGES

Rest Periods.  (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

23.  At all times since April 13, 2005, Section 11 of Wage Order 9 (hereinafter "Wage Order 9(11)") provided:

Meal Periods. (A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. . .

(B)  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

(C)  Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

(D)  If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

24.  At all times since April 13, 2005, Section 12 of Wage Order No. 9  (hereinafter "Wage Order 9(12)") provided:

Rest Periods.  (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked for which there

7

CLASS ACTION COMPLAINT FOR DAMAGES

shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

## FIRST CAUSE OF ACTION

### Compensation Due for Failure to Provide Meal Periods-

### Labor Code Sections 226.7, 512 & Wage Order 1(11) and/or Wage Order 9(11)

### (Against All Defendants, and Each of Them, and DOES 1-10)

25. Plaintiff incorporates by reference the allegations above contained in Paragraphs 1 through 24, inclusive, as if fully set forth here.

26. Defendants routinely failed to provide Plaintiff and Class Members duty-free meal periods and/or to pay Plaintiff and Class Members one additional hour of pay for duty-free meal periods that were not provided in accordance with Labor Code Sections 226.7 and 512 and Wage Order 1 and/or Wage Order 9, since April 13, 2005to present.

27. Defendants' conduct described in this Complaint violated and continues to violate the provisions of Labor Code Sections 226.7 and 512 and Wage Order 1 and/or Wage Order 9, in that Defendants did not and do not provide Plaintiff and Class Members meal periods or pay to Plaintiff and Class Members one hour wages as compensation for the duty-free meal periods not provided as required by law.  Plaintiff and Class Members are entitled to recover the unpaid wages that Defendants owe them, plus interest on that amount at the rate of ten percent per annum, reasonable attorneys' fees, and costs of suit.

28. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at the time of trial, but not in an amount in excess of the jurisdiction of this Court.

29. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights as affecting the public interest and will confer a significant benefit upon the general public. Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued

*Keshuk & Silverstein, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

8

CLASS ACTION COMPLAINT FOR DAMAGES

1  enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be

2  against the interests of justice to require the payment of attorneys' fees and costs from any

3  recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Sections 218.5 and

4  1194 and Code of Civil Procedure Section 1021.5. Therefore, pursuant to Labor Code Sections

5  218.5 and 1194, Plaintiff is entitled to recover attorneys' fees and costs incurred in the prosecution

6  of this action.

7          30.  In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,

8  then attorneys' fees may be awarded to Plaintiff and against Defendants under Code of Civil

9  Procedure Section 1021.5 and other applicable law in part because:

10         a.      A successful outcome in this action will result in the enforcement of important

11                 rights affecting the public interest by requiring Defendants to comply with the

12                 wage and hour laws and California's unfair business practice law;

13         b.      This action will result in a significant benefit to Plaintiff, the Class, and the

14                 general public by bringing to a halt unlawful, unfair, deceptive, and misleading

15                 activity and by causing the return of ill-gotten gains obtained by Defendants;

16         c.      Unless this action is prosecuted, members of the Class and general public will not

17                 recover those monies, and many of Defendants' employees would not be aware

18                 that they were victimized by Defendants' wrongful acts and practices;

19         d.      Unless this action is prosecuted, Defendants will continue to mislead its employees

20                 about the true nature of their rights and remedies under the wage and hour laws;

21                 and

22         e.      An award of attorneys' fees and costs is necessary for the prosecution of this

23                 action and will result in a benefit to Plaintiff, the Class, and to consumers in

24                 general by preventing Defendants from continuing to circumvent the wage and

25                 hour statutes and frustrate the long-standing recognition by the California

26                 legislature and the courts that such statutes, as pled herein, are not merely a matter

27                 of private concern between employer and employee to be eviscerated by

28                 considerations of waiver, contributory negligence, good or bad faith, and private

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd. Ste. 411
Los Angeles, CA. 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

9

CLASS ACTION COMPLAINT FOR DAMAGES

1   agreements.  Rather, the wage and hour statutes have been described as a matter of

2   public concern, were designed to provide minimum substantive guarantees to

3   individual workers, and are essential to public welfare.

4   **SECOND CAUSE OF ACTION**

5   **Compensation Due for Failure to Provide Rest Periods -**

6   **Labor Code Section 226.7 & Wage Order 1(12) and/or Wage Order 9(12)**

7   **(Against All Defendants, and Each of Them, and DOES 11-20)**

8       31.  Plaintiff incorporates by reference the allegations above contained in Paragraphs 1

9   through 30, inclusive, as if fully set forth here.

10      32.  Defendants routinely failed to provide Plaintiff and Class Members duty-free rest

11  periods and/or to pay Plaintiff and Class Members one additional hour of pay for each duty-free

12  rest period that was not provided in accordance with Labor Code Section 226.7 and Wage Order 1

13  and/or Wage Order 9, since April 13, 2005 to present.

14      33.  Defendants' conduct described in this Complaint violated and continues to violate the

15  provisions of Labor Code Section 226.7 and Wage Order 1 and/or Wage Order 9, in that

16  Defendants did not and do not provide Plaintiff and Class Members rest periods or pay to Plaintiff

17  and Class Members one hour wages as compensation for each duty-free rest period not provided

18  as required by law.  Plaintiff and Class Members are entitled to recover the unpaid wages that

19  Defendants owe them, plus interest on that amount at the rate of ten percent per annum,

20  reasonable attorneys' fees, and costs of suit.

21      34.  As a proximate result of the aforementioned violations, Plaintiff and Class Members

22  have been damaged in an amount according to proof at the time of trial, but not in an amount in

23  excess of the jurisdiction of this Court.

24      35.  Enforcement of statutory provisions enacted to protect workers and to ensure proper

25  and prompt payment of wages due to employees is a fundamental public interest in California.

26  Consequently, Plaintiff's success in this action will result in the enforcement of important rights

27  as affecting the public interest and will confer a significant benefit upon the general public.

28  Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued

*Keshk & Silverstein, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

10

CLASS ACTION COMPLAINT FOR DAMAGES

1   enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be

2   against the interests of justice to require the payment of attorneys' fees and costs from any

3   recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Sections 218.5

4   and 1194 and Code of Civil Procedure Section 1021.5. . Therefore, pursuant to Labor Code

5   Sections 218.5 and 1194, Plaintiff is entitled to recover attorneys' fees and costs incurred in the

6   prosecution of this action.

7      36.  In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,

8   then attorneys' fees may be awarded to Plaintiff and against Defendants under Code of Civil

9   Procedure Section 1021.5 and other applicable law in part because:

10      a.  A successful outcome in this action will result in the enforcement of important

11          rights affecting the public interest by requiring Defendants to comply with the

12          wage and hour laws and California's unfair business practice law;

13      b.  This action will result in a significant benefit to Plaintiff, the Class, and the

14          general public by bringing to a halt unlawful, unfair, deceptive, and misleading

15          activity and by causing the return of ill-gotten gains obtained by Defendants;

16      c.  Unless this action is prosecuted, members of the Class and general public will not

17          recover those monies, and many of Defendants' employees would not be aware

18          that they were victimized by Defendants' wrongful acts and practices;

19      d.  Unless this action is prosecuted, Defendants will continue to mislead its employees

20          about the true nature of their rights and remedies under the wage and hour laws;

21          and

22      e.  An award of attorneys' fees and costs is necessary for the prosecution of this

23          action and will result in a benefit to Plaintiff, the Class, and to consumers in

24          general by preventing Defendants from continuing to circumvent the wage and

25          hour statutes and frustrate the long-standing recognition by the California

26          legislature and the courts that such statutes, as pled herein, are not merely a matter

27          of private concern between employer and employee to be eviscerated by

28          considerations of waiver, contributory negligence, good or bad faith, and private

*Ketluk & Silverstein, P.C.*
*255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

11

CLASS ACTION COMPLAINT FOR DAMAGES

1   agreements. Rather, the wage and hour statutes have been described as a matter of

2   public concern, were designed to provide minimum substantive guarantees to

3   individual workers, and are essential to public welfare.

### THIRD CAUSE OF ACTION

**Failure to Make Payment Within the Required Time –**

**Labor Code Sections 201-203**

**(Against All Defendants, and Each of Them, and DOES 21-30)**

8   37.  Plaintiff incorporates by reference the allegations of Paragraphs 1 through 36

9   inclusive as if fully set forth herein.

10   38.  The class period for this Cause of Action is April 13, 2005 to the present.

11   39.  California Labor Code Section 201 provides in relevant part: "[i]f an employer

12   discharges an employee, the wages earned and unpaid at the time of discharge are due and

13   payable immediately."

14   40.  California Labor Code Section 202 provides in relevant part: "[i]f an employee not

15   having a written contract for a definite period quits his or her employment, his or her wages shall

16   become due and payable not later than 72 hours thereafter, unless the employee has given 72

17   hours previous notice of his or her intention to quit, in which case the employee is entitled to his

18   or her wages at the time of quitting.".

19   41.  As alleged herein, Defendants failed to pay wages of Plaintiff and Class Members

20   who are former employees of Defendants at the time they became due and payable.  Thus,

21   Defendants violated Labor Code Sections 201 and 202.

22   42.  Defendants' failure to pay wages as alleged herein was willful as Defendants knew

23   that Plaintiff and Class Members did not receive all earned pay based on at least the following:

24   (1) Defendants have records of the hours Plaintiff and Class Members worked and the meal

25   and/or rest periods Plaintiff and Class Members missed; and (2) these records reflected that

26   Plaintiff and Class Members were not paid an hour of wages for each duty-free meal and/or rest

27   period that was not provided, as required by Labor Code Section 226.7 and the applicable Wage

28   Orders, including but not limited to Wage Order 1 and/or Wage Order 9, and  were not paid the

Reslek & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel. (310) 273-3180
Fax: (310) 273-6137

12

1    prevailing wage for workers employed on public works as required by Labor Code section 1770

2    *et seq.*

3        43.  As a result of Defendants' unlawful acts, Plaintiff and Class Members who are former

4    employees of Defendants, or any of them, are entitled to recover, pursuant to California Labor

5    Code Section 203, continuing wages as a penalty from the due date thereof at the same rate until

6    paid or this action was commenced, but no more than thirty days.

7        44.  Enforcement of statutory provisions enacted to protect workers and to ensure proper

8    and prompt payment of wages due to employees is a fundamental public interest in California.

9    Consequently, Plaintiff's success in this action will result in the enforcement of important rights

10   as affecting the public interest and will confer a significant benefit upon the general public.

11   Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued

12   enforcement.  Plaintiff is incurring a financial burden in pursuing this action and it would be

13   against the interests of justice to require the payment of attorneys' fees and costs from any

14   recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Sections 218.5

15   and1194 and Code of Civil Procedure Section 1021.5.

16       45.  In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,

17   then attorneys' fees may be awarded to Plaintiff and against Defendants under Code of Civil

18   Procedure Section 1021.5 and other applicable law in part because:

19   a.      A successful outcome in this action will result in the enforcement of important

20           rights affecting the public interest by requiring Defendants to comply with the

21           wage and hour laws and California's unfair business practice law;

22   b.      This action will result in a significant benefit to Plaintiff, the Class, and the

23           general public by bringing to a halt unlawful, unfair, deceptive, and misleading

24           activity and by causing the return of ill-gotten gains obtained by Defendants;

25   c.      Unless this action is prosecuted, members of the Class and general public will not

26           recover those monies, and many of Defendants' employees would not be aware

27           that they were victimized by Defendants' wrongful acts and practices;

28   d.      Unless this action is prosecuted, Defendants will continue to mislead its employees

Keslak & Silverstein, P.C.
9255 Sunset Blvd. Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

13
CLASS ACTION COMPLAINT FOR DAMAGES

1    about the true nature of their rights and remedies under the wage and hour laws;

2    and

3    e.    An award of attorneys' fees and costs is necessary for the prosecution of this

4    action and will result in a benefit to Plaintiff, the Class, and to consumers in

5    general by preventing Defendants from continuing to circumvent the wage and

6    hour statutes and frustrate the long-standing recognition by the California

7    legislature and the courts that such statutes, as pled herein, are not merely a matter

8    of private concern between employer and employee to be eviscerated by

9    considerations of waiver, contributory negligence, good or bad faith, and private

10   agreements. Rather, the wage and hour statutes have been described as a matter of

11   public concern, were designed to provide minimum substantive guarantees to

12   individual workers, and are essential to public welfare.

13   ## FOURTH CAUSE OF ACTION

14   ### Penalties Pursuant to Labor Code Section 226

15   ### (Against All Defendants, and Each of Them, and DOES 31-40)

16   46.  Plaintiff incorporates by reference the allegations of Paragraphs 1 through 45

17   inclusive as if fully set forth herein.

18   47.  Pursuant to California Labor Code Section 226(a), on a semi-monthly basis or at the

19   time of the payment of wages, Defendants were required to furnish each of their employees with

20   an accurate itemized statement in writing showing, *inter alia*, the gross wages earned and the net

21   wages earned.

22   48.  During all pertinent times starting four years prior to April 13, 2008 and continuing

23   thereafter, for each of Defendants' failures to provide Plaintiff his duty-free meal and/or rest

24   periods or pay to Plaintiff one hour of wages as compensation for each duty-free meal and/or rest

25   period not provided, in accordance with California law,  Defendants failed to furnish Plaintiff

26   with an itemized statement in writing showing that Plaintiff had earned one additional hour of pay

27   for meal and/or rest periods not provided.

28   49.  Pursuant to California Labor Code Section 226(e), employees, such as Plaintiff and

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

14

CLASS ACTION COMPLAINT FOR DAMAGES

1  Class Members who suffer injury as a result of a knowing and intentional failure by an employer

2  to comply with the provisions of California Labor Code Section 226(a) are entitled to recover the

3  greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a

4  violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

5  pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and are entitled

6  to costs and reasonable attorneys' fees.

7       50.  Defendants knowingly and intentionally failed to provide to Plaintiff and Class

8  Members accurate itemized statements, in compliance with California Labor Code Section

9  226(a), and did so in order to conceal their liability from Plaintiff and Class Members.

10      51.  Enforcement of statutory provisions enacted to protect workers and to ensure proper

11  and prompt payment of wages due to employees is a fundamental public interest in California.

12  Consequently, Plaintiff's success in this action will result in the enforcement of important rights

13  as affecting the public interest and will confer a significant benefit upon the general public.

14  Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued

15  enforcement. Plaintiff is incurring a financial burden in pursuing this action and it would be

16  against the interests of justice to require the payment of attorneys' fees and costs from any

17  recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Sections 218.5

18  and 1194 and Code of Civil Procedure Section 1021.5.

19      52.  In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,

20  then attorneys' fees may be awarded to Plaintiff and against Defendants under Code of Civil

21  Procedure Section 1021.5 and other applicable law in part because:

22      a.      A successful outcome in this action will result in the enforcement of important

23              rights affecting the public interest by requiring Defendants to comply with the

24              wage and hour laws and California's unfair business practice law;

25      b.      This action will result in a significant benefit to Plaintiff, the Class, and the

26              general public by bringing to a halt unlawful, unfair, deceptive, and misleading

27              activity and by causing the return of ill-gotten gains obtained by Defendants;

28      c.      Unless this action is prosecuted, members of the Class and general public will not

*Keslak & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

15

CLASS ACTION COMPLAINT FOR DAMAGES

1   recover those monies, and many of Defendants' employees would not be aware

2   that they were victimized by Defendants' wrongful acts and practices;

3   d.   Unless this action is prosecuted, Defendants will continue to mislead its employees

4   about the true nature of their rights and remedies under the wage and hour laws;

5   and

6   e.   An award of attorneys' fees and costs is necessary for the prosecution of this

7   action and will result in a benefit to Plaintiff, the Class, and to consumers in

8   general by preventing Defendants from continuing to circumvent the wage and

9   hour statutes and frustrate the long-standing recognition by the California

10   legislature and the courts that such statutes, as pled herein, are not merely a matter

11   of private concern between employer and employee to be eviscerated by

12   considerations of waiver, contributory negligence, good or bad faith, and private

13   agreements. Rather, the wage and hour statutes have been described as a matter of

14   public concern, were designed to provide minimum substantive guarantees to

15   individual workers, and are essential to public welfare.

16   ### FIFTH CAUSE OF ACTION

17   **Enforcement of Private Attorney General Act**

18   **Labor Code §2698 *et seq.***

19   **(Against All Defendants, and Each of Them, and DOES 41-50)**

20   53.  Plaintiff incorporates by reference the allegations above contained in Paragraphs 1

21   through 52, inclusive, as if fully set forth here.

22   54.  California Labor Code Division 2, Part 2, Chapter 1, Section 558 provides as follows:

23   "(a) Any employer or other person acting on behalf of an employer

24   who violates, or causes to be violated, a section of this chapter or any

25   provision regulating hours and days of work in any order of the

26   Industrial Welfare Commission shall be subject to a civil penalty as

27   follows: (1) For any initial violation, fifty dollars ($50) for each

28   underpaid employee for each pay period for which the employee was

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

16

1  underpaid in addition to an amount sufficient to recover underpaid

2  wages. (2) For each subsequent violation, one hundred dollars

3  ($100) for each underpaid employee for each pay period for which

4  the employee was underpaid in addition to an amount sufficient to

5  recover underpaid wages. (3) Wages recovered pursuant to this

6  section shall be paid to the affected employee."

7      55. Defendants' failures to provide duty-free meal or rest periods, in accordance with

8  California law, including that of California Labor Code Section 512, and Wage Order 1(11)(12)

9  and/or Wage Order 9(11)(12), entitles Plaintiff to recover a civil penalty as aggrieved employees

10  on behalf of themselves and other current and former quarry workers employed by Defendants,

11  pursuant to California Labor Code Section 558 and Wage Order 1(20) and/or Wage Order 9(20).

12      56. Defendants' failures to provide duty-free meal and/or rest periods or to pay

13  compensation of one hour pay for each meal and/or rest period not provided, in accordance with

14  California Labor Code Sections 226.7 and Wage Order 1 and/or Wage Order 9, entitle Plaintiff to

15  recover a civil penalty as aggrieved employees on behalf of themselves and other current and

16  former quarry workers employed by Defendants, pursuant to California Labor Code Section

17  2699(f).

18      57. Pursuant to the provisions of Labor Code Section 2699 *et seq.*, Defendants' failures to

19  pay on their regular pay day compensation of one hour pay for each duty-free meal or rest period

20  not provided, in accordance with Wage Order 1 and/or Wage Order 9, entitles Plaintiff, as an

21  aggrieved employee on behalf of himself and other current and former quarry workers employed

22  by Defendants, to recover the penalties set forth in Labor Code Section 210.

23      58. Defendants' failures to provide itemized wage statements, including statements

24  accurately setting forth gross and net wages earned, in accordance with by Labor Code Section

25  226(a), Plaintiff, as an aggrieved employee on behalf of himself and other current and former

26  quarry workers employed by Defendants, are entitled to recover the penalties set forth in Labor

27  Code Section 226.3.

28      59. Plaintiff has complied with the procedural requirements specified in Labor Code

Keslik & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

17

CLASS ACTION COMPLAINT FOR DAMAGES

1   Section 2699.3 as to Defendants' violations of Labor Code Sections 201 - 203, 204, 204b, 226,

2   226.7, 512, 1194, and the applicable Wage Orders including but not limited to Wage Orders 1 and

3   9.  Copies of the written notices sent via certified mail to the Labor and Workforce Development

4   Agency alleging the violations contained herein are attached hereto as Exhibit A.  As the  Labor

5   and Workforce Development Agency has not provided notice within thirty three days of said

6   mailing that it intended  to investigate the alleged violations, Plaintiff, as an aggrieved employee

7   on behalf of himself and other current and former employees of Defendants, pursues this cause of

8   action pursuant to Labor Code Section 2699 *et seq.*

9          60.  As a result of the violations alleged herein, Plaintiff, as an aggrieved employee on

10   behalf of himself and other current and former quarry workers employed by Defendants, seeks all

11   civil penalties available pursuant to Labor Code Section 2699.  Therefore, pursuant to Labor

12   Code Section 2699, Plaintiff, as an aggrieved employee on behalf of himself and other current

13   and former quarry workers employed by Defendants, is entitled to recover all civil penalties

14   owed, attorneys' fees, expenses, and costs of suit.

15          61.  Enforcement of statutory provisions enacted to protect workers and to ensure proper

16   and prompt payment of wages due to employees is a fundamental public interest in California.

17   Consequently, Plaintiff's success in this action will result in the enforcement of important rights

18   as affecting the public interest and will confer a significant benefit upon the general public.

19   Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued

20   enforcement.  Plaintiff is incurring a financial burden in pursuing this action and it would be

21   against the interests of justice to require the payment of attorneys' fees and costs from any

22   recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Sections 218.5, 1194,

23   and 2699, and Code of Civil Procedure Section 1021.5.

24          62.  In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,

25   then attorneys' fees may be awarded to Plaintiff and against Defendants under Code of Civil

26   Procedure Section 1021.5 and other applicable law in part because:

27          a.    A successful outcome in this action will result in the enforcement of important

28                rights affecting the public interest by requiring Defendants to comply with the

*Keshk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

18

CLASS ACTION COMPLAINT FOR DAMAGES

1    wage and hour laws and California's unfair business practice law;

2    b.    This action will result in a significant benefit to Plaintiff, the Class, and the

3    general public by bringing to a halt unlawful, unfair, deceptive, and misleading

4    activity and by causing the return of ill-gotten gains obtained by Defendants;

5    c.    Unless this action is prosecuted, members of the Class and general public will not

6    recover those monies, and many of Defendants' employees would not be aware

7    that they were victimized by Defendants' wrongful acts and practices;

8    d.    Unless this action is prosecuted, Defendants will continue to mislead its employees

9    about the true nature of their rights and remedies under the wage and hour laws;

10    and

11    e.    An award of attorneys' fees and costs is necessary for the prosecution of this

12    action and will result in a benefit to Plaintiff, the Class, and to consumers in

13    general by preventing Defendants from continuing to circumvent the wage and

14    hour statutes and frustrate the long-standing recognition by the California

15    legislature and the courts that such statutes, as pled herein, are not merely a matter

16    of private concern between employer and employee to be eviscerated by

17    considerations of waiver, contributory negligence, good or bad faith, and private

18    agreements.  Rather, the wage and hour statutes have been described as a matter of

19    public concern, were designed to provide minimum substantive guarantees to

20    individual workers, and are essential to public welfare.

21    ### SIXTH CAUSE OF ACTION

22    **Unfair/Unlawful/Fraudulent Business Practices –**

23    **California Business and Professions Code Sections 17200** *et seq.*

24    **(Against All Defendants, and Each of Them, and DOES 51-60)**

25    63.    Plaintiff incorporates by reference the allegations above contained in Paragraphs 1

26    through 62, inclusive, as if fully set forth here.

27    64.    California Business and Professions Code Sections 17200 *et seq.* ("the UCL")

28    prohibit unfair competition, including but not limited to any unlawful, unfair or fraudulent

Keshk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

19

1  business practice.

2      65. California Labor Code Section 90.5(a) provides that it is the public policy of the State

3  of California to vigorously enforce labor standards in order to ensure that employees are not

4  required to work under substandard unlawful conditions, and to protect employers who comply

5  with the law from those, such as Defendants, who attempt to gain a competitive advantage at the

6  expense of their workers by failing to comply with minimum labor standards.

7      66. Beginning on April 13, 2005, to present, Defendants' conduct, as set forth above,

8  violates the UCL in the following respects:

9      a.    Defendants' policies and practices of failing to provide accurate itemized

10      statements, to timely pay all wages owed, and to provide duty-free meal and/or rest

11      periods to members of the Class, constitute unlawful business practices by

12      definition and, thus, violate the UCL;

13      b.    Defendants' policies and practices of failing to provide accurate itemized

14      statements, to timely pay all wages owed, and to provide duty-free meal and/or rest

15      periods to members of the Class constitute unfair business practices because

16      Defendants' practices are unethical, unscrupulous, and substantially injurious to

17      consumers.  The harm to Plaintiff, all others similarly situated, and to members of

18      the general public, outweighs the utility, if any, of Defendants' policy and practice;

19      c.    Defendants' policies and practices of failing to provide accurate itemized

20      statements, to timely pay all wages owed,  and to provide duty-free meal and/or

21      rest periods to members of the Class constitute fraudulent business practices

22      because Defendants' practices are likely to mislead Plaintiff, all other members of

23      the Class, and members of the general public.

24      67. The unlawful, unfair, and fraudulent business practices by Defendants, as described

25  above, present a continuing threat to the public in that consumers throughout California have

26  suffered and continue to suffer an injury in fact and lost money as a result of Defendants'

27  unlawful, unfair, and fraudulent acts or practices.  Plaintiff suffered an actual injury and brings

28  these actions pursuant to Code of Civil Procedure Section 382.  In addition, Defendants have been

Kesluk & Silverstein, P.C.
255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

CLASS ACTION COMPLAINT FOR DAMAGES

1  unjustly enriched as a result of their conduct. Plaintiff, other members of the general public, and

2  members of the Class have no other adequate remedy of law in that absent equitable relief from

3  the Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and

4  harm the public interest, thus engendering a multiplicity of judicial proceedings.

5      68.  All members of the Class can be identified by reference to records in the possession

6  of Defendants. All members of the Class are entitled to restitution of monies due to them during

7  the relevant time period as a result of said Defendants' unlawful, unfair, and fraudulent conduct,

8  and to injunctive relief.

9      69.  Plaintiff and Class Members are entitled to restitution of the unpaid amounts, as an

10  equitable remedy, and interest at the rate of ten percent per annum, costs of suit, and reasonable

11  attorneys' fees pursuant to the underlying claims as alleged herein above.

12      70.  Pursuant to Business and Professions Code Section 17203, this Court may order paid

13  the full amounts wrongfully retained by Defendants to Plaintiff and Class Members, who were

14  not fully compensated for Defendants' failure to provide duty-free meal and/or rest periods for

15  the time period starting April 13, 2005and continuing thereafter. Plaintiff will, upon leave of

16  Court, amend this Complaint to state the amount of such wrongfully retained amounts when they

17  are ascertained.

18      71.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating

19  the wrongful business practices alleged herein.

20      72.  Plaintiff's success in this action will enforce important rights affecting the public

21  interest and in that regard Plaintiff sues on behalf of the public as well as themselves. Plaintiff

22  and Class Members seek and are entitled to money owing and unpaid, an injunction, an equitable

23  accounting, and all other equitable relief required to remedy Defendants' failure to pay the

24  required money.

25      73.  Enforcement of statutory provisions enacted to protect workers and to ensure proper

26  and prompt payment of wages due to employees is a fundamental public interest in California.

27  Consequently, Plaintiff's success in this action will result in the enforcement of important rights

28  as affecting the public interest and will confer a significant benefit upon the general public.

*Keshet & Silverstein, P.C.*
*9255 Sunset Blvd., Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6157*

21

CLASS ACTION COMPLAINT FOR DAMAGES

1    Private enforcement of the rights enumerated herein is necessary, as no public agency has pursued

2    enforcement.  Plaintiff is incurring a financial burden in pursuing this action and it would be

3    against the interests of justice to require the payment of attorneys' fees and costs from any

4    recovery that might be obtained herein, pursuant to, *inter alia*, Labor Code Sections 218.5

5    and 1194 and Code of Civil Procedure Section 1021.5.

6         74.  In addition, if Plaintiff succeeds in enforcing these rights affecting the public interest,

7    then attorneys' fees may be awarded to Plaintiff and against Defendants under Code of Civil

8    Procedure Section 1021.5 and other applicable law in part because:

9         a.    A successful outcome in this action will result in the enforcement of important

10              rights affecting the public interest by requiring Defendants to comply with the

11              wage and hour laws and California's unfair business practice law;

12        b.    This action will result in a significant benefit to Plaintiff, the Class, and the

13              general public by bringing to a halt unlawful, unfair, deceptive, and misleading

14              activity and by causing the return of ill-gotten gains obtained by Defendants;

15        c.    Unless this action is prosecuted, members of the Class and general public will not

16              recover those monies, and many of Defendants' employees would not be aware

17              that they were victimized by Defendants' wrongful acts and practices;

18        d.    Unless this action is prosecuted, Defendants will continue to mislead its employees

19              about the true nature of their rights and remedies under the wage and hour laws;

20              and

21        e.    An award of attorneys' fees and costs is necessary for the prosecution of this

22              action and will result in a benefit to Plaintiff, the Class, and to consumers in

23              general by preventing Defendants from continuing to circumvent the wage and

24              hour statutes and frustrate the long-standing recognition by the California

25              legislature and the courts that such statutes, as pled herein, are not merely a matter

26              of private concern between employer and employee to be eviscerated by

27              considerations of waiver, contributory negligence, good or bad faith, and private

28              agreements.  Rather, the wage and hour statutes have been described as a matter of

*Kesluk & Silverstein, P.C.*
*9255 Sunset Blvd. Ste. 411*
*Los Angeles, CA 90069*
*Tel: (310) 273-3180*
*Fax: (310) 273-6137*

22

CLASS ACTION COMPLAINT FOR DAMAGES

public concern, were designed to provide minimum substantive guarantees to individual workers, and are essential to public welfare.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. On all causes of action, for an Order certifying the class, naming Plaintiff sets forth herein as Class Representatives, and naming the attorneys of record for Plaintiff in the included actions as Class Counsel; and allowing this action to proceed and be maintained as a class action;

2. On the First Cause of Action:

    a. A declaratory judgment that Defendants have violated Labor Code Sections 226.7 and 512, and Wage Order 1 and/or Wage Order 9;

    b. Pursuant to Labor Code Section 226.7, and Wage Order 1 and/or Wage Order 9, an award to Plaintiff and Class Members of an additional hour of pay at the employee's regular rate of compensation for meal periods that were not provided or paid for at the rate of an additional hour of pay, in accordance with California law;

    c. An award of exemplary and punitive damages;

    d. Accrued interest pursuant to Labor Code Section 218.6;

    e. An award of reasonable attorneys' fees pursuant to, *inter alia,* Labor Code Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

3. On the Second Cause of Action:

    a. A declaratory judgment that Defendants have violated Labor Code Section 226.7, and Wage Order 1 and/or Wage Order 9;

    b. Pursuant to Labor Code Section 226.7, and Wage Order 1 and/or Wage Order 9, an award to Plaintiff and Class Members of an additional hour of pay at the employee's regular rate of compensation for rest periods that were not provided or paid for at the rate of an additional hour of pay, in accordance with California law;

    c. An award of exemplary and punitive damages;

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax. (310) 273-6137

23

CLASS ACTION COMPLAINT FOR DAMAGES

1    d.        Accrued interest pursuant to Labor Code Section 218.6;

2    e.        An award of reasonable attorneys' fees pursuant to, *inter alia*, Labor Code

3             Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

4    4.   On the Third Cause of Action:

5    a.        A declaratory judgment that Defendants have violated Labor Code Sections

6             201, 202, and 203;

7    b.        A monetary award to Plaintiff and Class Members of continuing wages as a

8             penalty from the due date thereof at the same rate until paid or this action

9             was commenced, but no more than thirty days;

10   c.        An award of reasonable attorneys' fees pursuant to, *inter alia*, Labor Code

11            Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

12   5.   On the Fourth Cause of Action:

13   a.        A declaratory judgment that Defendants have violated Labor Code Section

14            226;

15   b.        A monetary award as a penalty pursuant to Labor Code Section 226(e), as

16            allowable by law;

17   c.        An award of reasonable attorneys' fees pursuant to, *inter alia*, Labor Code

18            Section 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

19   6.   On the Fifth Cause of Action:

20   a.        A declaratory judgment that Defendants have violated Labor Code Section

21            201, 203, 204, 226, 226.7, 512 and Wage Order 1(11) and/or Wage Order

22            9(11);

23   b.        A monetary award as a penalty pursuant to Labor Code Sections 210,

24            226.3, 226.7, 558 and Wage Order 1(20) and/or Wage Order 9(20);

25   c.        A monetary award as a penalty pursuant to Labor Code Section 2699(f);

26   d.        An award of reasonable attorneys' fees pursuant to Labor Code Section

27            2699(g).

28   7.   On the Sixth Cause of Action:

*Kesluk & Silverstein, P.C.*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6139

24

CLASS ACTION COMPLAINT FOR DAMAGES

a.    That the Court retain jurisdiction over this matter until all sums owed by Defendants are paid and all restitution due from Defendants is made, and that the Court issue an order requiring Defendants to henceforth pay the damages or equitable relief sought here, to Plaintiff and Class Members with respect to meal periods starting four years prior to the filing of this lawsuit and continuing;

b.    Restitution of unpaid monies pursuant to Business & Professions Code Section 17203;

c.    A preliminary and permanent injunction against Defendants restraining them from violating the California Labor Code and Wage Orders now and in the future;

d.    Accrued interest pursuant to Labor Code Section 218.6;

e.    An award of reasonable attorneys' fees pursuant to, *inter alia*, Labor Code Sections 218.5 and 1194 and Code of Civil Procedure Section 1021.5.

9.    Interest on all unpaid amounts;

10.   Costs of suit;

11.   Any other and further relief that the Court deems just and proper.

Dated: April 13, 2009

KESLUK & SILVERSTEIN, P.C.

By: _____

Douglas N. Silverstein, Esq.
Benjamin J. Zicherman, Esq.
Attorneys for Plaintiff
RUBIN LOPEZ

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

25

CLASS ACTION COMPLAINT FOR DAMAGES

1
2
3
### DEMAND FOR JURY TRIAL

4
Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.

5

Dated:  April 13, 2009

6
KESLUK & SILVERSTEIN, P.C.

7

8
By: _____

Douglas N. Silverstein, Esq.

9
Benjamin J. Zicherman, Esq.
Attorneys for Plaintiff

10
RUBIN LOPEZ

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

26

CLASS ACTION COMPLAINT FOR DAMAGES

**Exhibit "A"**

BRIAN S. KESLUK
DOUGLAS N. SILVERSTEIN
MICHAEL G. JACOB
DAVID A. COHN
BENJAMIN J. ZICHERMAN



KESLUK & SILVERSTEIN

9255 SUNSET BLVD., SUITE 411
LOS ANGELES, CA 90069
TELEPHONE (310) 273-3180
FACSIMILE (310) 273-6137
www.californialaborlawattorney.com

Benjamin J. Zicherman
bzicherman@californialaborlawattorney.com

February 17, 2009

*Via Certified Mail, Return Receipt Requested*

California Labor & Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

> Re:   Labor Code Sec. 2699 Notice
> Lopez v. CEMEX, Inc.

Dear Sir or Madame:

Pursuant to Labor Code Sec. 2699.3(a)(1), Rubin Lopez and other as of yet unascertained individuals similarly situated ("Plaintiffs") hereby give written notice of the intent to file a Labor Code Section 2699 claim against CEMEX, Inc. ( "Defendants").   This notice is being provided to both the California Labor & Workforce Development Agency and Defendants via certified mail.

Rubin Lopez worked on a full time basis for CEMEX from approximately 1975 until February 2008.  Defendants hired non-exempt employees who did not receive proper rest or meal periods and did not received pay for all hours worked, whether straight time or overtime.  Mr. Lopez, and those similarly situated, were non-exempt employees within the meaning of California Labor Code and regulations of the IWC California Wage Orders.

The specific provisions of the Labor Code that the Defendants have violated include, but are not limited to Labor Code §§ 201, 202, 203, 204, 206.5, 218.5, 218.6, 226, 226.7, 510, 1194 and 1194.2.  Plaintiff and the putative class were regularly required to work through meal and rest periods, work and be subject to Defendant's control off-the-clock without pay whether straight time or overtime, and receive inaccurate itemized statements that failed to reflect their actual hours worked.

As a result, Defendants violated the above-referenced Labor Code provisions, as well as other California laws, and are liable for all applicable premiums and penalties, interest,

KESLUK & SILVERSTEIN

attorney's fees and costs.

We look forward to receiving your response to this letter pursuant to Labor Code Sec. 2699.3(a)(2)(A). Should you have any questions or concerns please contact us at (310) 273-3180.

Very Truly Yours,

KESLUK & SILVERSTEIN, P.C.

Benjamin J. Zicherman

DNS/ea

Cc:    Cemex, Inc.
       c/o Patrick M. Glenn
       Hanson Bridgett Marcus Valhos & Rudy, LLP
       425 Market Street, 26th Floor
       San Francisco, CA 94105

**EXHIBIT B**

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
DOUGLAS N. SILVERSTEIN, ESQ. (SBN 181957)
KESLUK & SILVERSTEIN, P.C.
9255 SUNSET BLVD. #411
LOS ANGELES CA 90069
TELEPHONE NO.: 310-273-3180     FAX NO. (Optional): 310-273-6137
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF, RUBIN LOPEZ, ETC., ET AL.

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 07 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
GLORIETTA ROBINSON

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES
STREET ADDRESS:   111 NORTH HILL STREET
MAILING ADDRESS:   SAME AS ABOVE
CITY AND ZIP CODE:   LOS ANGELES, CA 90012
BRANCH NAME:   CENTRAL DISTRICT

PLAINTIFF/PETITIONER:   RUBIN LOPEZ, ETC.. ET AL.
DEFENDANT/RESPONDENT:   CEMEX INC., ETC., ET AL.

CASE NUMBER:
**BC411793**

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: 14376.ANW |
|---|---|

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  ☑  Summons
    b.  ☑  Complaint
    c.  ☑  Alternative Dispute Resolution (ADR) package
    d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*
    e.  ☐  Cross-Complaint
    f.  ☑  Other *(specify documents):* CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT

3.  a.  Party served *(specify name of party as shown on documents served):*

    CEMEX, INC., A CORPORATION

    b.  ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

    CT CORPORATION SYSTEM, AGENT FOR SERVICE BY LEAVING DOCUMENTS WITH MARGARET WILSON, PROCESS SPECIALIST

4.  Address where the party was served:   818 W. 7TH ST., 2ND FLOOR  LOS ANGELES , CA 90017

5.  I served the party *(check proper box)*
    a.  ☑  **by personal service.** I personally delivered the documents listed item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 4/21/09     (2) at *(time):* 2:55 PM
    b.  ☐  **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ.Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     or  ☐  a declaration of mailing is attached.

        (5)  ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: RUBIN LOPEZ, ETC.. ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CEMEX INC., ETC., ET AL. | **BC411793** |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:               (2)  from *(city)*:

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed Notice and Acknowledgement of Receipt).* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested.   (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

        ☐  Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify)*:

  c.  ☐  as occupant.

  d.  ☑  On behalf of *(specify)*:   CEMEX, INC., A CORPORATION
under the following Code of Civil Procedure section:

    ☑ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☐ 416.50 (public entity)               ☐ 415.46 (occupant)
                                     ☐ other:

7.  **Person who served papers**

  a.  Name:  DOUGLAS FORREST

  b.  Address:  PO Box 861057, Los Angeles, California 90086

  c.  Telephone number:  (800) 994-5454

  d.  The fee for service was: $ 45.00

  e.  I am:

    (1)  ☐  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section  22350(b).

    (3)  ☑  registered California process server:

        (i)  ☐  owner  ☐  employee  ☑  independent contractor.

        (ii)  Registration No.: 5141

        (iii)  County:  LOS ANGELES

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 4/23/2009

DOUGLAS FORREST
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

# EXHIBIT C

HANSON BRIDGETT LLP
LISA M. POOLEY - 168737
lpooley@hansonbridgett.com
SAMANTHA D. TAMA - 240280
stama@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone:   (415) 777-3200
Facsimile:   (415) 541-9366

Attorneys for Defendants
CEMEX, INC. and CEMEX CONSTRUCTION
MATERIALS PACIFIC, LLC

**CONFORMED CO**
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 14 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| RUBIN LOPEZ, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CEMEX, INC., a Corporation; RMC PACIFIC MATERIALS, INC., a Corporation; CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC and DOES 1 through 60, inclusive,<br><br>Defendants. | No. BC 411793<br><br>**BY FAX**<br><br>CLASS ACTION & COLLECTIVE ACTION<br><br>**DEFENDANTS CEMEX, INC.'S and CEMEX CONSTRUCTION MATERIALS PACIFIC , LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>Judge:        Honorable Carl J. West<br>Dept:          11<br>Action Filed:  April 14, 2009<br>Trial Date:.   not set |

### GENERAL DENIAL

Defendants CEMEX, INC. ("CEMEX") and CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC ("CEMEX CMP") (collectively, "Defendants"), under California Code of Civil Procedure §431.30(d), generally deny each and every material allegation contained in Plaintiff RUBIN LOPEZ'S ("Plaintiff") Complaint and further deny that Plaintiff has suffered damages in the manner alleged or in any amount as a result of the alleged acts and omissions of Defendants.

///

///

DEFENDANTS' ANSWER TO COMPLAINT (CASE NO. BC 411793)                                                    1907942.3

## SEPARATE AND AFFIRMATIVE DEFENSES

Defendants assert the following separate and affirmative defenses to Plaintiff's complaint:

### FIRST DEFENSE

Plaintiff's Complaint does not allege facts sufficient to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's and the alleged putative class's claims are barred, in whole or in part, to the extent they allege actions barred by the applicable statutes of limitations, including but not limited to those set forth in California Code of Civil Procedure Sections 337, 338, 339 and 340, California Labor Code sections 203, 226, 1770, *et seq.*, and 2699, *et seq.*, and California Business and Professions Code Section 17208.

### THIRD DEFENSE

Plaintiff's and the alleged putative class's claims are barred to the extent that they are preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. §185(a), and to the extent Plaintiff's and the alleged putative class's claims require interpretation of a collective bargaining agreement governing their employment.

### FOURTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred to the extent they have failed to exhaust the remedies provided under the internal grievance procedure, including final and binding arbitration, as required by the collective bargaining agreement governing their employment.

### FIFTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred to the extent that Defendants acted in accordance with the applicable law, state regulations, and applicable order of the California Industrial Welfare Commission in effect during the relevant time periods.

/ / /

/ / /

/ / /

- 2 -

### SIXTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred, in whole or in part, and/or recovery is precluded because Defendants' alleged acts or omissions, if any, were made in good faith, not willful, not knowing and intentional, and Defendants had reasonable grounds for believing that the alleged acts or omissions did not violate any California Labor Code provision or any orders of the California Industrial Welfare Commission.

### SEVENTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred by the principles of fairness and public policy relating to changes in the law upon which Defendants relied during the relevant time periods.

### EIGHTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred to the extent that the nature of the work prevented Plaintiff or any putative class members from taking any off-duty meal periods during the relevant time periods.

### NINTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred to the extent that Plaintiff lacks standing.

### TENTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred, in whole or in part, to the extent that Plaintiff or any alleged putative class members failed to exhaust administrative remedies required by the California Labor Code, including but not limited to Labor Code Sections 2699 *et seq.*

### ELEVENTH DEFENSE

Plaintiff's and the alleged putative class's claims are barred, in whole or in part, to the extent that Plaintiff or any alleged putative class members pursued any claim before the California Labor Commissioner, Division of Labor Standards Enforcement, or the United States Department of Labor.

/ / /

- 3 -

**TWELFTH DEFENSE**

Plaintiff's and the alleged putative class's claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, or the doctrine barring duplicative litigation, to the extent that Plaintiff or any alleged putative class member have asserted or could have asserted the same or similar claims in any other judicial, administrative, or arbitral forum.

**THIRTEENTH DEFENSE**

Plaintiff's and the alleged putative class's claims are barred in whole or in part by the doctrine of consent.

**FOURTEENTH DEFENSE**

Plaintiff's and the alleged putative class's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**FIFTEENTH DEFENSE**

Plaintiff's and the alleged putative class's claims are barred, in whole or in part, by the doctrine of laches and/or unclean hands.

**SIXTEENTH DEFENSE**

Plaintiff and the alleged putative class's claims are barred, in whole or in part, to the extent that they failed to make reasonable efforts to mitigate their damages, if any.

**SEVENTEENTH DEFENSE**

Any request for equitable relief is moot in that conduct and activities of Defendants conform to applicable law, state regulations, and applicable order of the California Welfare Commission.

**EIGHTEENTH DEFENSE**

The claims for monetary relief or restitution by Plaintiff or any alleged putative class members are barred and subject to offset, in whole or in part, to the extent that the same or similar claims are governed by orders, awards, or judgments issued in any other judicial, administrative, or arbitral forum.

**NINETEENTH DEFENSE**

Plaintiff and the alleged putative class's claims are barred in whole or in part to the extent

- 4 -

1    that they were parties to any settlement agreements, releases, or waivers of claims.

2                              **TWENTIETH DEFENSE**

3          Plaintiff's and the alleged putative class's claims for monetary relief or restitution are

4    barred and subject to offset, in whole or in part, to the extent that Plaintiff or any alleged putative

5    class member has received premium pay for any on-duty meal periods or any payments under

6    Labor Code Section 226.7.

7                            **TWENTY-FIRST DEFENSE**

8          Plaintiff's and the alleged putative class's claims for penalties under Labor Code Section

9    203 are barred based on a good faith dispute as to whether any claimed premium pay was owed,

10   and Defendants' acts or omissions, if any, were not willful.

11                          **TWENTY-SECOND DEFENSE**

12         Plaintiff's and the alleged putative class's claims for punitive damages are barred to the

13   extent that punitive damages are not recoverable based on Plaintiff's claims for the alleged

14   violations, including because the Labor Code provides the exclusive remedies for the violations

15   which Plaintiff alleges.

16                           **TWENTY-THIRD DEFENSE**

17         Plaintiff's and the alleged putative class's claims are barred, in whole or in part, to the

18   extent that Plaintiff and the alleged putative class are covered by collective bargaining agreements

19   and are not entitled to relief for Labor Code Section 226.7 pay under Industrial Welfare

20   Commission Order No. 16-2001.

21                          **TWENTY-FOURTH DEFENSE**

22         Plaintiff's and the alleged putative class's claims are barred, in whole or in part, to the

23   extent that Plaintiff and putative class members worked pursuant to on-duty meal period

24   agreements that they either executed individually or to which their collective bargaining

25   representative entered into on their behalf.

26                           **TWENTY-FIFTH DEFENSE**

27         Plaintiff's and the alleged putative class's claims are barred, in whole or in part, to the

28   extent that Plaintiff and putative class members voluntarily waived their off-duty meal periods,

- 5 -

1  including for workdays in which they worked six hours or less.

## TWENTY-SIXTH DEFENSE

3      Plaintiff's and the alleged putative class's claims are barred, in whole or in part, because

4  Defendants have at all times acted reasonably and in good faith with respect to its obligations

5  under Labor Code Section 226 to make, keep, and preserve adequate and accurate records of

6  covered employees and the wages, hours, and other conditions and practices of employment, and

7  Defendants' alleged acts or omissions, if any, were not knowing and not intentional.

## TWENTY-SEVENTH DEFENSE

9      Plaintiff's and the alleged putative class's claims are barred, in whole or in part, because

10  there could not have been a "knowing and intentional failure" to comply with Labor Code

11  provisions relating to wages and premium pay under Section 226.7 before the date upon which

12  the Supreme Court held that Section 226.7 premium pay constituted "wages" in *Murphy v.*

13  *Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1099 (2007).

## TWENTY-EIGHTH DEFENSE

15      Plaintiff's and the alleged putative class's Fifth Cause of Action is barred in whole or in

16  part to the extent that the Private Attorneys General Act, Labor Code Section 2699, *et seq.*, is

17  unconstitutional, including but not limited to unconstitutionally void for vagueness,

18  unconstitutionally provides for excessive fines, unconstitutionally provides for double recoveries,

19  unconstitutionally denies equal protection, and unconstitutionally delegates executive power to

20  employees.

## RESERVATION OF RIGHTS

22      Defendants reserve the right to assert additional affirmative defenses if Defendants

23  become aware of the existence of such defenses arising during the course of discovery.

24      WHEREFORE, Defendants pray as follows:

25      1.    That Plaintiff take nothing by this action;

26      2.    That judgment be entered in Defendants' favor;

27      3.    That Defendants recover costs in this proceeding, including reasonable attorneys'
            fees; and

28

**- 6 -**

4.      That the Court grant such other and further relief as it deems appropriate.

DATED:  May 14, 2009                    HANSON BRIDGETT LLP


                                        By: _____
                                            LISA M. POOLEY
                                            SAMANTHA D. TAMA
                                            Attorneys for Defendants
                                            CEMEX, INC. and CEMEX CONSTRUCTION
                                            MATERIALS PACIFIC, LLC

- 7 -

**PROOF OF SERVICE**

**Rubin Lopez v. CEMEX, INC., etc., et al.**

**Case No BC411793**

I, Hillary Plymate, declare that I am a resident of the State of California. I am over the age of 18 years and not a party to the action entitled *Rubin Lopez v. CEMEX, INC., etc., et al.*; that my business address is 425 Market Street, 26th Floor, San Francisco, California 94105. On May 14, 2009, I served a true and accurate copy of the document(s) entitled:

**DEFENDANTS CEMEX, INC.'S and CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

on the party(ies) in this action by placing said copy(ies) in a sealed envelope, each addressed to the last address(es) given by the party(ies) as follows:

Douglas N. Silverstein
Benjamin J. Zicherman
Kesluk & Silverstein, P.C.
9255 Sunset Blvd., Suite 411
Los Angeles, CA 90069-3309
Phone: 310-273-3180
Fax: 310-273-6137

Alan L. Siegel
Michael D. Myers
Myers & Siegel, P.C.
675 W. Foothill Blvd., Ste. 200
Claremont, CA 91711
Phone: 909-398-4200
Fax: 909-398-4220

☒ (By First Class Mail pursuant to Code of Civil Procedure section 1013.) I am readily familiar with Hanson Bridgett's practices for collecting and processing documents for mailing with United States Postal Service. Following these ordinary business practices, I placed the above referenced sealed envelope(s) for collection and mailing with the United States Postal Service on the date listed herein at 425 Market Street, 26th Floor, San Francisco, California 94105. The above referenced sealed envelope(s) will be deposited with the United States Postal Service on the date listed herein in the ordinary course of business.

☐ (By Express Mail pursuant to Code of Civil Procedure section 1013.) I deposited each sealed envelope, with the postage prepaid, to be delivered via _____ to the party(ies) so designated on the service list.

- 1 -

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1917313.1

☐    (By Telecopy Fax pursuant to Code of Civil Procedure section 1013.)  I am readily familiar with Hanson Bridgett's practice for processing of documents via Telefax.  Following these ordinary business practices, I directed that the above referenced documents(s) be placed in the Telefax machine, with all costs of Telefaxing prepaid, directed to each of the party(ies) listed on the attached service list using the last Telefax numbers(s) given by the party(ies), and processed through the Telefax equipment, until a report is provided by that equipment indicating that the Telefax operation was successful.  A copy of the Telefax report indicating successful transmission is attached hereto.

☐    (By Electronic Transmission based on a court order or an agreement of the parties to accept service by email or electronic transmission.)  I am readily familiar with Hanson Bridgett's practices for transmitting documents by electronic mail via internet service provider.  I caused the documents to be sent to the persons at the email addresses listed for each addressee on the attached service list.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on May 14, 2009 at San Francisco, California.

_____
Hillary Plymate

---

- 2 -

DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1917313.1

**EXHIBIT D**

| SHORT TITLE: Lopez, et al., vs. CEMEX, Inc., et al., | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:
JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL 15 [ ] HOURS/ [X] DAYS

Item II.  Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> ### Applicable Reasons for Choosing Courthouse Location (See Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 | Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 | Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 | Asbestos Property Damage | 2. |
| | | [ ] A7221 | Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 | Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 | Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240 | Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 | Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230 | Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270 | Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220 | Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029 | Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005 | Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010 | Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013 | Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Lopez, et al., vs. CEMEX, Inc., et al., | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

| SHORT TITLE: Lopez, et al., vs. CEMEX, Inc., et al., | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |
| CITY: Azusa    STATE: Calif.    ZIP CODE: 91702 | 201 West Gladstone |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Los Angeles___ courthouse in the ___Central___ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __April 13, 2009__

(SIGNATURE OF ATTORNEY/FILING PARTY)

Benjamin J. Zigherman, Esq.

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

BC 411793

Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3(c)).   There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Elihu M. Berle | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Aurelio Munoz | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Conrad Aragon | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Mary Thornton House | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Helen I. Bendix | 18 | 308 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Judith C. Chirlin | 19 | 311 | Hon. John P. Shook | 53 | 513 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Jane L. Johnson | 56 | 514 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. James R. Dunn | 26 | 316 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. David L. Minning | 61 | 632 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Edward A. Ferns | 69 | 621 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Carl J. West* | 311 | CCW |
| Hon. Ann I. Jones | 40 | 414 | Other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

**\*Class Actions**
All class actions are initially assigned to Judge Carl J. West in Department 311 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005).
This assignment is for pretrial purposes and for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400.
Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly
to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____   JOHN A. CLARKE, Executive Officer/Clerk
                                                                                By _____, Deputy Clerk

LACIV CCH 190 (Rev. 01/09)                    **NOTICE OF CASE ASSIGNMENT –**                         Page 1 of 2
LASC Approved 05-06                               **UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Seven Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Seven Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Seven Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Seven Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Seven Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Seven Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**



*from the*

*LOS ANGELES SUPERIOR COURT*
**ADR DEPARTMENT**

If you have a general jurisdiction case involving one of these subject matter areas:

- commercial
- employment
- medical malpractice
- legal malpractice

- real estate
- trade secrets
- unfair competition
- at judges' discretion

*Your case may be eligible for the court's pilot Neutral Evaluation (NE) program.*

- **NE can reduce litigation time and costs and promote settlement.**

- NE is an informal process that offers a non-binding evaluation by an experienced neutral lawyer with expertise in the subject matter of the case. After counsel present their claims and defenses, the neutral evaluates the case based on the law and the evidence.

- **NE is voluntary and confidential.**

- The benefits of NE include helping to clarify, narrow or eliminate issues, identify areas of agreement, offer case-planning suggestions and, if requested by the parties, assist in settlement.

- **The first three (3) hours of the NE session are free of charge.**

For additional NE information, visit the Court's web site at www.lasuperiorcourt.org/adr

REV. 06/27/07

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# LOS ANGELES COUNTY
# DISPUTE RESOLUTION PROGRAMS ACT (DRPA) CONTRACTORS

The following organizations provide mediation services under contract with the Los Angeles County Department of Community & Senior Services. Services are provided to parties in any civil case filed in the Los Angeles County Superior Court. Services are not provided under this program to family, probate, traffic, criminal, appellate, mental health, unlawful detainer/eviction or juvenile court cases.

### Asian-Pacific American Dispute Resolution Center
### (213) 250-8190
(Spanish & Asian languages capability)

### California Academy of Mediation Professionals
### (818) 377-7250

### Center for Conflict Resolution
### (818) 380-1840

### Inland Valleys Justice Center
### (909) 397-5780
(Spanish language capability)

### Office of the Los Angeles City Attorney Dispute Resolution Program
### (213) 485-8324
(Spanish language capability)

### Los Angeles County Bar Association Dispute Resolution Services
### toll free number 1-877-4Resolve (737-6583) or (213) 896-6533
(Spanish language capability)

### Los Angeles County Department of Consumer Affairs
### (213) 974-0825
(Spanish language capability)

### The Loyola Law School Center for Conflict Resolution
### (213) 736-1145
(Spanish language capability)

### Martin Luther King Legacy Association Dispute Resolution Center
### (323) 290-4132
(Spanish language capability)

### City of Norwalk
### (562) 929-5603

---

**DRPA Contractors do not provide legal advice or assistance, including help with responding to summonses. Accessing these services does not negate any responsibility you have to respond to a summons or appear at any set court date. See the reverse side of this sheet for information on the mediation process and obtaining legal advice.**

---

## THIS IS A TWO-SIDED DOCUMENT.

LAADR 007 07-04
LASC Approved

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties stipulate to participate in an Alternative Dispute Resolution (ADR) process in the above-entitled action, as follows:

- ☐ Mediation
- ☐ Non-Binding Arbitration
- ☐ Binding Arbitration
- ☐ Early Neutral Evaluation
- ☐ Settlement Conference
- ☐ Other ADR Process (describe): _____

Dated: _____

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

_____
Name of Stipulating Party
☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant

_____
Name of Party or Attorney Executing Stipulation

_____
Signature of Party or Attorney

☐ **Additional signature(s) on reverse**

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 2

| Short Title | Case Number |
|---|---|
|  |  |

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

LAADR 001 10-04
LASC Approved
(Rev. 01-07)

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 2 of 2

**What is the goal of mediation?**

The goal is to assist the parties in reaching a mutually acceptable agreement or understanding on some or all of the issues. The parties jointly become the primary decision maker in how to resolve the issues as opposed to the traditional judge and/or jury system.

**Do I need an attorney for this?**

While it is recommended to have an attorney and/or receive legal advice before the mediation starts, you are not required to have representation. If you do have an attorney, they may participate in the mediation with you.

**How long does it take?**

Face-to-face mediations generally last one to three hours. Telephone conciliations, in which the parties do not meet face to face, vary from a few days to several weeks. Much depends on the number of parties involved and the complexities of the issues. When the mediation takes place depends on parties scheduling availability.

**A Mediator helps parties. . .**

- ♦ Have productive discussions
- ♦ Avoid or break impasses
- ♦ Defuse controversy
- ♦ Generate options that have potential for mutual gain
- ♦ Better understand each other's concerns and goals
- • Focus on their interests rather than their positions

**A Mediator does not...**

- ♦ Provide advice or opinions
- ♦ Offer legal information
- ♦ Make decisions for parties
- ♦ Represent or advocate for either side
- ♦ Judge or evaluate anyone or anything
- ♦ Conduct research
- ♦ "Take Sides"

**What does it cost?**

The first three hours of any mediation are free. Thereafter, charges are based on income or revenue. All fees are waived for low-income individuals.

**Legal Advice/Information**

**If you want to retain an attorney,** a list of state certified referral services is at courtinfo.ca.gov which also has an on-line self help legal center.

**Self-Help Legal Access Centers** are at the Inglewood, Palmdale, Pomona, and Van Nuys courthouses. nls-la.org and lafla.org

**Court Personnel** can answer non-legal questions (forms, fees, fee waivers). lasuperiorcourt.org

**Low-income individuals** may qualify for help from non-profit legal organizations. Court Personnel and DRPA contractors have such listings.

**What is the difference between the contractors listed and the Superior Court ADR Office?**

The services offered by the contractors listed may be accessed immediately. Those offered by the Superior Court ADR Office, also a DRPA contractor, may not be accessed by parties until a court appearance, or at the directive of the judge assigned to the case.

**Dispute Resolution Programs Act (DRPA) Grants Administration Office**
**(213) 738-2621**
**(The DRP Office is not a Superior Court Office.  Consult your phone directory to locate the number of the Court Office on your summons.)**

**THIS IS A TWO-SIDED DOCUMENT.**

## LOS ANGELES SUPERIOR COURT ADR PROGRAMS

CIVIL:
- **Civil Action Mediation** (Governed by Code of Civil Procedure (CCP) sections 1775-1775.15, California Rules of Court, rules 3.850-3.868 and 3.870-3.878, Evidence Code sections 1115-1128, and Los Angeles Superior Court Rules, chapter 12.)
- **Retired Judge Settlement Conference**
- **Neutral Evaluation** (Governed by Los Angeles Superior Court Rules, chapter 12.)
- **Judicial Arbitration** (Governed by Code of Civil Procedure sections 1141.10-1141.31, California Rules of Court, rules 3.810-3.830, and Los Angeles Superior Court Rules, chapter 12.)
- **Eminent Domain Mediation** (Governed by Code of Civil Procedure section 1250.420.)
- **Civil Harassment Mediation**
- **Small Claims Mediation**

FAMILY LAW (non-custody):
- **Mediation**
- **Forensic Certified Public Accountant (CPA) Settlement Conference**
- **Settlement Conference**
- **Nonbinding Arbitration** (Governed by Family Code section 2554.)

PROBATE:
- **Mediation**
- **Settlement Conference**

### NEUTRAL SELECTION

Parties may select a mediator, neutral evaluator, or arbitrator from the Court Party Pay Panel or may hire someone privately, at their discretion. If the parties utilize the Pro Bono Mediation or Arbitration Panel, the parties will be assigned on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

**Party Pay Panel**    The Party Pay Panel consists of mediators, neutral evaluators, and arbitrators who have achieved a specified level of experience in court-connected cases. The parties (collectively) may be charged $150.00 per hour for the first three hours of hearing time. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Pro Bono Panel**    The Pro Bono Panel consists of trained mediators, neutral evaluators, and arbitrators who have not yet gained the experience to qualify for the Party Pay Panel, as well as experienced neutrals who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that all pro bono volunteer mediators, neutral evaluators, and arbitrators provide three hours hearing time per case. Thereafter, the parties may be charged for additional hearing time on an hourly basis at rates established by the neutral if the parties consent in writing.

**Private Neutral**    The market rate for private neutrals can range from $300-$1,000 per hour.

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX |
|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | None | Lancaster, CA 93534 | (661)974-7275 | (661)974-7060 |
| Chatsworth | 9425 Penfield Ave. | 1200 | Chatsworth, CA 91311 | (818)576-8565 | (818)576-8687 |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | (310)603-3072 | (310)223-0337 |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | (818)500-3160 | (818)548-5470 |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | (562)491-6272 | (562)437-3802 |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | (562)807-7243 | (562)462-9019 |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | (626)356-5685 | (626)666-1774 |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | (909)620-3183 | (909)629-6283 |
| San Pedro | 505 S. Centre | 209 | San Pedro, CA 90731 | (310)519-6151 | (310)514-0314 |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | (310)260-1829 | (310)319-6130 |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | (213)974-5425 | (213)633-5115 |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | (310)222-1701 | (310)782-7326 |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | (818)374-2337 | (818)902-2440 |

For additional information, visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

Partially Funded by the Los Angeles County Dispute Resolution Program

LAADR 005 (Rev. 08/08)
LASC Approval 10-03

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

v

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is Carolyn Turchin.

The case number on all documents filed with the Court should read as follows:

## CV09- 3592 SVW (CTx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

ⒸCOPY                                                    FAXED

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

RUBIN LOPEZ, et al.

**DEFENDANTS**

CEMEX, INC., RMC PACIFIC MATERIALS, INC.,
and CEMEX CONSTRUCTION MATERIALS PACIFIC,
LLC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing
yourself, provide same.)

Lisa M. Pooley
Hanson Bridgett LLP
425 Market Street
26th Floor
San Francisco, CA 94105
415-777-3200

Attorneys (If Known)

---

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☐ 3 Federal Question (U.S.
Government Not a Party)

☐ 2 U.S. Government Defendant   ☒ 4 Diversity (Indicate Citizenship
of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original
Proceeding
☒ 2 Removed from
State Court
☐ 3 Remanded from
Appellate Court
☐ 4 Reinstated or
Reopened
☐ 5 Transferred from another district
(specify):
☐ 6 Multi-
District
Litigation
☐ 7 Appeal to District
Judge from
Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** 0.00

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Jurisdictional statute: 28 U.S.C. sect. 1332(d)(2)(A) (Class Action Fairness Act).
Brief statement: Wage and hour lawsuit.

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:**   Case Number: _____ CV09-3592

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of ___

CCD-JS4

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  [X] No    [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [ ] No   [X] Yes

If yes, list case number(s):   *Lucas, et al., v. CEMEX, INC.; Case No. CV08-7953 PSG (AGRx)*

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    [X]  A. Arise from the same or closely related transactions, happenings, or events; or

[X]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[X]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| This information is unknown to Defendant at this time and is not alleged in the Complaint | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Louisiana; Texas; Delaware; El Dorado County; Santa Cruz County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** *Lisa M. Pooley*          Date **May 19, 2009**

Lisa M. Pooley

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |