1

HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT - 172990

2

srappaport@hansonbridgett.com
DOROTHY S. LIU - 196369

3

dliu@hansonbridgett.com
SAMANTHA D. WOLFF - 240280

4

swolff@hansonbridgett.com
425 Market Street, 26th Floor

5

San Francisco, CA  94105
Telephone:  (415) 777-3200

6

Facsimile:   (415) 541-9366

7

Attorneys for Defendants CEMEX, INC., CEMEX

8

CONSTRUCTION MATERIALS PACIFIC, LLC, and
RMC PACIFIC MATERIALS, INC.

9

### UNITED STATES DISTRICT COURT

10

### CENTRAL DISTRICT OF CALIFORNIA

11

12

RUBIN LOPEZ, JOSEPH R.
LUCAS, OSCAR ALMANZA,

13

JEREMY CASTLE and JOHN
CORDAY on behalf of himself, and

14

all others similarly situated,

15

Plaintiffs,

16

v.

17

CEMEX, INC., a Corporation; RMC

18

PACIFIC MATERIALS, INC., a
Corporation; CEMEX

19

CONSTRUCTION MATERIALS
PACIFIC, LLC, LORENZO H.

20

ZAMBRANO, an individual,
RODRIGO TREVINO, an individual

21

and DOES 1 through 60, inclusive,

22

Defendants.

Case No. CV09-3592-AHM (AGRx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFFS' FIRST CONSOLIDATED COMPLAINT [FRCP 12(b)(6); FRCP 12(b)(1); FRCP 12(f)]**

**Date:**          November 16, 2009
**Time:**          10:00 a.m.
**Judge:**        Hon. A. Howard Matz
**Courtroom:**  Department 14
**Action Filed:** April 14, 2009
**Removed:**    May 20, 2009

23

24

25

26

27

28

---

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND RELEVANT FACTS ............................................... 1

II.    LEGAL STANDARDS ...................................................................................... 3

III.   ARGUMENT ..................................................................................................... 4

    A.   Defendant RMC PMI Must Be Dismissed Because The Complaint Does Not Allege An Employment Relationship Between Plaintiffs And RMC PMI And Because Plaintiffs Lack Standing To Bring An Employment Action Against That Entity ........ 4

    B.   Plaintiffs' Fourth Cause Of Action For Failure To Provide An Accurate Itemized Wage Statement Fails To State A Claim............... 9

        1.   Plaintiffs' Allegations Do Not Set Forth A Violation Of Labor Code Section 226(a)...................................................... 10

        2.   Plaintiffs' Fourth Cause Of Action Is Limited By A One-Year Statute Of Limitations....................................................... 12

    C.   Plaintiffs' Fifth Cause Of Action For Enforcement Of The Private Attorneys General Act Is Barred By The Statute Of Limitations Because No Plaintiff Timely Exhausted Administrative Remedies ........................................................................ 12

    D.   As Former Employees, Plaintiffs Lack Standing To Maintain Their Requests For Injunctive And Declaratory Relief.................... 14

    E.   Plaintiffs' Requests For Punitive Damages For Alleged Labor Code Violations Must Be Stricken From The Complaint Because The Labor Code Provides Plaintiffs' Exclusive Remedy..... 15

    F.   Plaintiffs' References To Inapplicable Wage Orders Must Be Stricken From The Complaint ............................................................. 17

IV.    CONCLUSION ............................................................................................... 19

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Allee v. Medrano*,
416 U.S. 802, 828-29, 94 S. Ct. 2191, 40 L. Ed. 2d 566 (1979) ............................ 7

*Arias v. Sup. Ct.*,
46 Cal. 4th 969, 981 (2009) ................................................................. 13

*Ashcroft v. Iqbal*,
129 S. Ct. 1937, 1949-1950 (2009) ................................................... 3, 13

*Baas v. dollar Tree Stores, Inc.*,
No. C 07-031078 JSW, 2009 U.S. Dist. LEXIS 57531,
at *7-8 (N.D. Cal. June 18, 2009) ........................................... 13, 14, 15

*Brewer v. Premier Golf Properties, LP*,
168 Cal. App. 4th 1243, 1252, 86 Cal.Rptr. 22 (2008), *review denied*,
2009 Cal. LEXIS 2986 (March 18, 2009 .......................................... 16

*Bureerong v. Uvawas*,
922 f. Supp.1450, 1479, fn. 34 (C.D. Cal. 1996) .............................. 4

*Cady v. Anthem Blue Cross Life & Health Ins. Co.*,
583 F. Supp. 2d 1102, 1105 (N.D. Cal. 2008) ........................... 6, 7, 8

*Cahill v. Liberty Mut. Ins. Co.*,
80 F.3d 336, 338 (9th Cir. 1996) ...................................................... 3

*Covington v. Idaho*,
358 F.3d 626, 637 (9th Cir. 2004) ................................................... 14

*Czechowski v. Tandy Corporation*,
731 F.Supp. 406, 410 (N.D. Cal. 1990) ........................................... 17

*De Anza Santa Cruz Mobile Estates Homeowners Assn. v.*
*De Anza Santa Cruz Mobile Estates*,
94 Cal. App. 4th 890, 912 (2001) ................................................... 17

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*,
510 U.S. 517, 534-35 (1994) ..................................................... 4, 18

*Gattuso v. Harte-Hanks Shoppers, Inc.*,
42 Cal. 4th 554, 574 (2007) .......................................................... 11

*Green v. Party City Corp.*,
No. CV 01-09681 CAS(Ex), 2002 U.S. Dist. LEXIS 7750, at *13-14
(C.D. Cal. April 9, 2002) .............................................................. 16

*Helm v. Alderwoods Group, Inc.*,
Nos. C 08-01184 SI and C 08-1190 SI, 2009 U.S. Dist. LEXIS 65523
(N.D. Cal. July 29, 2009). ............................................................. 13

*Henry v. Circus Circus Casinos, Inc.*,
223 F.R.D. 541, 544 (D. Nev. 2004) ............................................... 8

*Huynh v. Chase Manhattan Bank*,
465 F.3d 992, 1002 n.7 (9th Cir. 2006) ........................................... 15

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Kokkonen v. Guardian Life Ins. Co. of America,*
511 U.S. 375, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) ......................................4

*Lee v. Oregon,*
107 F.3d 1382, 1390 (9th Cir. 1997) .................................................................7

*Lewis v. Casey,*
518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) ...........................7

*Lubner v. Los Angeles,*
45 Cal. App. 4th 525, 530 (1996) .....................................................................16

*Lujan v. Defenders of Wildlife,*
504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)) ...............6, 14

*McCoy v. Sup. Ct.,*
157 Cal. App. 4th 225 (2007) ....................................................................10, 12

*Moreno v. Autozone, Inc.,*
2007 U.S. Dist. LEXIS 43873, *4 (N.D. Cal. June 5, 2007) ..............................13

*Murphy v. Kenneth Cole Prods., Inc.,*
40 Cal. 4th 1094, 1118 n.16 (2007) ............................................................10, 11

*O'Shea v. Littleton,*
414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) ...............................7

*Pulido v. Coca-Cola Enters.,*
No. EDCV 06-406 VAP(OPx), 2006 U.S. Dist. LEXIS 43765, at *24-28
(C.D. Cal. May 25, 2006) ...............................................................................17

*Rojo v. Kliger,*
52 Cal. 3d 65, 79 (1990) .................................................................................16

*Rutman Wine Co. v. E & J Gallo Winery,*
829 F.2d 729, 738 (9th Cir. 1987) .....................................................................3

*Sacks v. Office of Foreign Assets Control,*
466 F.3d 764, 771 (9th Cir. 2006) .....................................................................6

*Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.,*
806 F.2d 1393, 1401 (9th Cir. 1986) .................................................................5

*Siemers v. Wells Fargo & Co.,*
2006 U.S. Dist. LEXIS 81097, at *18-21, 2006 WL
3041090, at *5-8 (N.D. Cal. 2006) ....................................................................8

*Simon v. Eastern Ky. Welfare Rights Org.,*
426 U.S. 26, 40 n.20, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976) ..........................7

*Stalley v. Orlando Reg'l Healthcare Sys., Inc.,*
524 F.3d 1229, 1232 (11th Cir. 2008) ...............................................................6

*Stevens v. Harpers,*
213 F.R.D. 358, 366 (E.D. Cal. 2002 ...........................................................14, 15

*Stock West, Inc. v. Confederated Tribes of the Colville Reservation,*
873 F.2d 1221, 1225 (9th Cir. 1989) ..................................................................4

**TABLE OF AUTHORITIES**
(continued)

**Page**

*Thomas v. Home Depot USA Inc.,*
  527 F. Supp. 2d 1003, 1008 (N.D. Cal. 2007) ...................................13, 14

*Warren v. Fox Family Worldwide, Inc.,*
  328 F.3d 1136, 1139 (9th Cir. 2003)...........................................................3

*Wedges/Ledges of Cal., Inc. v. City of Phoenix,*
  24 F.3d 56, 61 (9th Cir. 1994)....................................................................6

*Whitmore v. Fed. Election Comm'n,*
  68 F.3d 1212, 1215 (9th Cir. 1995)) ..........................................................6

*Wilkerson v. Butler,*
  229 F.R.D. 166, 172 (E.D. Cal. 2005) ......................................................15

**STATUTES**

Cal. Code Civ. Proc. § 340 .........................................................................10

Cal. Lab. Code § 226(a)..............................................................................10

Cal. Lab. Code § 226.7(b) ............................................................................5

Cal. Lab. Code § 2699.3(a)....................................................................12, 14

Cal. Lab. Code § 2699.3(a)(1) ....................................................................13

Cal. Lab. Code §§ 201, 202, 203 ..................................................................5

Code Civ. Proc. § 34...................................................................................12

Fed. R. Civ. P. 12(f)....................................................................2, 3, 4, 18

Lab. Code § 226(e) .....................................................................................11

**OTHER AUTHORITIES**

1 Alba Conte and Herbert Newberg, Newberg on Class Actions
  § 2:9, at 109-110 (4th ed. 2002)..................................................................8

5 James Wm. Moore, et al., Moore's Federal Practice
  § 23.63 [1][b] at p. 23-291 (3rd ed. 2007) ..................................................8

California Civil Jury Instructions (CACI)
  §§ 2700, 2704...............................................................................................5

## I.   INTRODUCTION AND RELEVANT FACTS

Plaintiffs Joseph Lucas, Oscar Almanza, Jeremy Castle and John Corday, alleging that they are former employees of CEMEX, Inc. at quarries in California, filed a purported employment class action claiming unpaid wages against Defendant CEMEX, Inc., on November 3, 2008.  Plaintiff Ruben Lopez, also alleging that he is a former quarry employee of CEMEX, Inc. in California, filed a similar purported class action on April 14, 2009.[1]  This Court consolidated the *Lopez* and *Lucas* actions at a September 14, 2009 Status Conference, and ordered Plaintiffs to file a first consolidated complaint in the above-captioned case. Plaintiffs filed the instant First Consolidated Class Action Complaint (Complaint) on October 1, 2009, alleging ten causes of action against Defendants CEMEX, Inc., RMC Pacific Materials, Inc. ("RMC PMI"), CEMEX Construction Materials Pacific, LLC, Lorenzo H. Zambrano, and Rodrigo Trevino.[2]

Defendant RMC PMI now moves to dismiss all causes of action against it, because Plaintiffs' Complaint does not allege – and cannot allege – that RMC PMI employed any of the named Plaintiffs.  Instead, Plaintiffs specifically assert that each named Plaintiff was employed by Defendant CEMEX, Inc.  (Pls.' First Consolidated Compl. (Compl.) ¶ 3; *Lucas, et al. v. Cemex, Inc.* Compl., Docket No. 1, Ex. A, ¶ 5.)  Because Plaintiffs do not allege that they were employed by RMC PMI, they lack standing to bring this action for alleged employment violations against RMC PMI.  The claims against RMC PMI must be dismissed for failure to state a claim, or in the alternative, for lack of subject matter jurisdiction.

Defendants CEMEX, Inc., RMC PMI, and CEMEX Construction Materials Pacific, LLC (collectively, "Defendants") also move to dismiss Plaintiffs' Fourth Cause of Action for penalties pursuant to Labor Code Section 226, because the

---

[1] Rubin Lopez also named RMC Pacific Materials, Inc. and CEMEX Construction Materials Pacific, LLC as Defendants in his initial complaint.
[2] It appears that newly individually-named Defendants Lorenzo H. Zambrano and Rodrigo Trevino have not been served, and thus have not appeared in this action.

- 1 -

allegations fail to state a claim for failure to provide accurate itemized wage statements.  Plaintiffs allege that they were entitled to certain additional pay that they did not receive, and claim that because their wage statements did not reflect what they were *not* paid, the statements were inaccurate.  As a matter of law, these allegations do not amount to a violation of the statute.  Moreover, Plaintiffs' Complaint incorrectly sets forth the statute of limitations for such a claim, which is only one year.

Defendants further move to dismiss Plaintiffs' Fifth Cause of Action for enforcement of California's Private Attorneys General Act of 2004 ("PAGA"), because no named Plaintiff timely exhausted his administrative remedies before filing suit.  A one-year statute of limitations applies to PAGA claims.  Only Plaintiff Lopez sent written notice to the Labor and Workforce Development Agency (LWDA) of an alleged Labor Code violation (Defs.' RJN, Ex. A), and he sent that notice on February 24, 2009, more than a year after his termination of employment on January 31, 2008.  (*See id.* at Ex. B.)  None of the other named Plaintiffs submitted a notice to the LWDA, and cannot do so now because they were each terminated over a year ago.  (*Id.* at Exs. C-F.)  The PAGA claim is therefore barred by the statute of limitations and must be dismissed with prejudice.

In addition, Defendants move to strike redundant, immaterial, impertinent or scandalous material from the Complaint.  Fed. R. Civ. P. 12(f).  First, Defendants move to strike Plaintiffs' requests for injunctive and declaratory relief.  (Compl., ¶ 87; "Prayer for Relief" ¶¶ 2(a), 3(a), 4(a), 5(a), 6(a), & 7(c).)  As former employees of CEMEX (Compl., ¶¶ 3, 5-8), each of the named Plaintiffs lacks standing to seek such relief.

Defendants also move to strike Plaintiffs' requests for punitive damages under their First, Second, Ninth, and Tenth Causes of Action for California Labor Code violations.  The statutory remedies provided by the Labor Code constitute Plaintiffs' exclusive remedies, and Plaintiffs are not entitled to punitive damages.

- 2 -

1   Finally, Defendants move to strike all references in the Complaint to Wage

2   Orders 1, 4, 7, and 9.  (*See, e.g.,* Compl. ¶¶ 25, 30, 34-37, 40, 42, 47, 49, 58, 71-73,

3   75, 108, 111, & 116.)  Plaintiffs affirmatively assert that they were employed at

4   mining facilities.  (Compl., ¶¶ 3, 4.)  As such, Wage Order 16 – which applies to

5   the mining of quarries "for the purposes of exploration or extraction of . . . stone

6   and gravel . . ." –  is the applicable wage order to this action.  Plaintiffs' references

7   to other wage orders risk confusion of issues, prejudice to Defendants, and

8   constitute immaterial matter, and on those bases must be stricken.  Fed. R. Civ. P.

9   12(f).

10   ## II.    LEGAL STANDARDS

11   A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the

12   legal sufficiency of the plaintiff's complaint.  *Rutman Wine Co. v. E & J Gallo*

13   *Winery*, 829 F.2d 729, 738 (9th Cir. 1987).  A complaint should be dismissed for

14   failure to state a claim when "a plaintiff can prove no set of facts in support of his

15   claim which would entitle him to relief."  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d

16   336, 338 (9th Cir. 1996).  Allegations of material facts in the complaint are

17   assumed to be true.  *Id.* at 336-38; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-

18   1950, 173 L. Ed. 2d 868 (2009).  But courts need not accept as true conclusory

19   allegations or legal characterizations.  *Iqbal*, 129 S. Ct. at 1949; *Transphase Sys.,*

20   *Inc. v. Southern Cal. Edison Co*., 839 F.Supp. 711, 718 (C.D. Cal. 1993).  Indeed,

21   "[t]hreadbare recitals of the elements of a cause of action, supported by mere

22   conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.

23   A motion to dismiss for lack of subject matter jurisdiction may be made

24   under FRCP 12(b)(1) on the basis that the complaint fails to allege grounds for

25   federal subject matter jurisdiction.  *Warren v. Fox Family Worldwide, Inc.,* 328

26   F.3d 1136, 1139 (9th Cir. 2003).  Plaintiff bears the burden of establishing subject

27   matter jurisdiction, and the Court presumes lack of jurisdiction until plaintiff proves

28   otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.

1  Ct. 1673, 128 L. Ed. 2d 391 (1994); *Stock West, Inc. v. Confederated Tribes of the*
2  *Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).

3        The purpose of a motion to strike is to "avoid the expenditure of time and
4  money that may arise from litigating spurious issues by dispensing with those
5  issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993),
6  *rev'd on other grounds,* 510 U.S. 517, 534-35, 114 S. Ct. 1023, 127 L. Ed. 2d 455
7  (1994). Courts may strike from a pleading any matter that is "redundant,
8  immaterial, impertinent or scandalous." Fed. R. Civ. P. 12(f). A motion to be
9  strike may be granted if there are no questions of fact and the law is not in dispute.
10  For instance, a motion to strike is proper where, like in the instant case, the prayer
11  for relief seeks damages that are not recoverable as a matter of law. *Bureerong v.*
12  *Uvawas*, 922 F. Supp. 1450, 1479, fn. 34 (C.D. Cal. 1996).

13  **III.   ARGUMENT**

14  **A.   Defendant RMC PMI Must Be Dismissed Because The Complaint Does**
     **Not Allege An Employment Relationship Between Plaintiffs And RMC**
15       **PMI And Because Plaintiffs Lack Standing To Bring An Employment**
     **Action Against That Entity**
16

17        Plaintiff Ruben Lopez named RMC PMI as a defendant in his initial
18  complaint, but stipulated to RMC PMI's dismissal from the action after Defendants
19  filed a motion to dismiss RMC PMI on the grounds that Plaintiff Lopez failed to
20  allege an employment relationship with RMC PMI. *See* Docket Nos. 7 & 21. In
21  the instant First Consolidated Class Action Complaint, however, Plaintiffs renamed
22  RMC PMI as a defendant to this action. But as with Plaintiff Lopez's original
23  complaint, the current Complaint fails to allege that any of the named Plaintiffs
24  were employed by RMC PMI. Indeed, Plaintiffs specifically have asserted that
25  each named Plaintiff was employed by Defendant CEMEX, Inc. (Pls.' First
26  Consolidated Compl. (Compl.) ¶ 3; *Lucas, et al. v. Cemex, Inc.* Compl., Docket No.
27  1, Ex. A, ¶ 5.) Plaintiff Lopez's notice to the LWDA also asserts that he worked
28  "on a full time basis" for CEMEX, Inc. from 1975 until February 2008, and he

- 4 -

seeks to represent other "similarly situated individuals" against CEMEX, Inc. for wage-related employment violations under California's Private Attorneys General Act. (Defs.' RJN, Ex. A at 1.) Because the Complaint again fails to allege that any named Plaintiff was actually employed by RMC PMI, Defendants seek to dismiss RMC PMI from this action.

Nowhere in the Complaint do Plaintiffs allege an employment relationship with RMC PMI. In fact, Paragraph 16 of the Complaint states that "[a]ll references to Defendants include the named Defendants CEMEX, INC., CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC, and DOE Defendants herein." (Compl., ¶ 16.) But, an action brought under California's Labor Code for unpaid wages requires the existence of an employment relationship. A plaintiff filing a claim for unpaid wages and waiting time penalties under Labor Code Section 201, 202, and 203 – as Plaintiffs do here – must prove that he or she performed work for the defendant. *See* California Civil Jury Instructions (CACI) §§ 2700, 2704; Cal. Lab. Code §§ 201, 202, 203. Moreover, Plaintiffs claim violation of Labor Code Section 226.7, which only applies to "*an employer [who] fails to provide an employee* a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission . . . ." Cal. Lab. Code § 226.7(b) (emphasis added); *see* Compl. ¶ 40.

Because Plaintiffs' Complaint fails to allege that any of the named Plaintiffs were employed by RMC PMI – and because none of the named Plaintiffs cannot so allege – their claims against RMC PMI must be dismissed in their entirety, with prejudice, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (leave to amend denied where deficiency cannot be cured).

Additionally, Plaintiffs lack standing to bring an employment action against RMC PMI, and thus their claims against RMC PMI must be dismissed under Rule

- 5 -

1   12(b)(6) or, in the alternative, Rule 12(b)(1).  The Ninth Circuit holds that it is the

2   plaintiff's burden to establish his or her standing to sue for each claim he or she

3   wishes to bring and each form of relief he or she seeks.  "To survive a Rule

4   12(b)(6) motion to dismiss, [plaintiff] must allege facts in his [complaint] that, if

5   proven, would confer standing upon him."  *Sacks v. Office of Foreign Assets*

6   *Control*, 466 F.3d 764, 771 (9th Cir. 2006), *cert. denied*, 549 U.S. 1338, 127 S. Ct.

7   2033, 167 L. Ed. 2d 763 (2007).  A Rule 12(b)(6) motion to dismiss lies where the

8   complaint reveals on its face that the plaintiff lacks standing to sue.

9        In the alternative, courts also have held that standing is jurisdictional, so that

10   a dismissal for lack of standing has the same effect as a dismissal for lack of subject

11   matter jurisdiction under Rule 12(b)(1).  *See, e.g., Stalley v. Orlando Reg'l*

12   *Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (plaintiff lacked Article

13   III standing to bring action because he could not assert any injury in fact caused by

14   the defendant).

15        "The standing requirement derives from Article III, Section 2 of the United

16   States Constitution, which restricts adjudication in federal courts to 'cases' and

17   'controversies.'"  *Cady v. Anthem Blue Cross Life & Health Ins. Co.*, 583 F. Supp.

18   2d 1102, 1105 (N.D. Cal. 2008).  To establish standing under Article III, a plaintiff

19   must show: (1) he suffers a concrete, particularized injury; (2) there is a causal

20   connection between the injury and the conduct complained of; and (3) the injury

21   will likely be redressed by a favorable decision.  *Id.* (citing *Lujan v. Defenders of*

22   *Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992));

23   *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 61 (9th Cir. 1994).  The

24   absence of any one element deprives a plaintiff of Article III standing and requires

25   dismissal.  *Id.* (citing *Whitmore v. Fed. Election Comm'n*, 68 F.3d 1212, 1215 (9th

26   Cir. 1995)).

27        Plaintiffs' attempt to bring the present lawsuit as a class action does not

28   relieve Plaintiffs of their burden to prove individual standing to bring an

1   employment claim against RMC PMI.  The Supreme Court and the Ninth Circuit

2   consistently have held that standing is distinct from Rule 23 class requirements, and

3   that standing is a threshold requirement that must be satisfied in every case.  *See*

4   *O'Shea v. Littleton*, 414 U.S. 488, 494, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974) ("[I]f

5   none of the named plaintiffs purporting to represent a class establishes the requisite

6   case or controversy with the defendants, none may seek relief on behalf of himself

7   or any other member of the class."); *Lee v. Oregon*, 107 F.3d 1382, 1390 (9th Cir.

8   1997) (jurisdictional requirement of standing must be addressed prior to class

9   certification); *Cady*, 583 F. Supp. 2d at 1105-06.

10       That is, "[s]tanding cannot be acquired through the back door of a class

11   action."  *Allee v. Medrano*, 416 U.S. 802, 828-29, 94 S. Ct. 2191, 40 L. Ed. 2d 566

12   (1979) (Burger, C.J., concurring in the result in part and dissenting in part),

13   *superseded by statute on separate grounds*, *as stated in Turner Broad. Sys. v. FCC*,

14   810 F. Supp. 1308 (D. D.C. 1992), ("A plaintiff cannot acquire standing to sue by

15   bringing his action on behalf of others who suffered injury which would have

16   afforded them standing had they been named plaintiffs; it bears repeating that a

17   person cannot predicate standing on injury which he does not share.") (internal

18   quotes and citations omitted).

19       As the Supreme Court explained, "[t]hat a suit may be a class action . . . adds

20   nothing to the question of standing, for even named plaintiffs who represent a class

21   'must allege and show that they personally have been injured, not that injury has

22   been suffered by other, unidentified members of the class to which they belong and

23   which they purport to represent."  *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct.

24   2174, 135 L. Ed. 2d 606 (1996) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*,

25   426 U.S. 26, 40 n.20, 96 S. Ct. 1917, 48 L. Ed. 2d 450 (1976)).  In other words, the

26   named plaintiffs in a class action must meet all the jurisdictional requirements to

27   bring individual suits asserting the same claims, including standing; an actual "case

28   or controversy" must exist between the named plaintiff and the defendants.  5

- 7 -

James Wm. Moore, et al., Moore's Federal Practice § 23.63 [1][b] at p. 23-291 (3rd ed. 2007) ("Constitutional standing is a necessary prerequisite to class certification because without standing the court lacks the power to hear the suit.").

Consequently, if the named plaintiffs fail to establish standing, they may not seek relief on behalf of themselves or any other member of the class. This is because "to establish Article III standing in a class action, at least one named plaintiff must have standing in his own right to assert a claim against each named defendant before he may purport to represent a class claim against that defendant." *Cady*, 583 F. Supp. 2d at 1106 (holding that the plaintiff in a purported class action could not sue any defendant against whom he had no individual claim); *see also Henry v. Circus Circus Casinos, Inc.*, 223 F.R.D. 541, 544 (D. Nev. 2004) (plaintiffs lacked standing to sue multiple subsidiaries in an employment wage and hour class action because plaintiffs were employed by parent company); *Siemers v. Wells Fargo & Co.*, No. C 05-04518 WHA, 2006 U.S. Dist. LEXIS 81097, at *18-21, 2006 WL 3041090, at *5-8 (N.D. Cal. 2006) (plaintiff is required to allege an injury traceable to defendant because standing issue must be satisfied prior to class certification, and the jurisdictional link doctrine does not apply to standing questions at the pleading stages).

Because individual standing requirements constitute a threshold inquiry, when a class plaintiff lacks individual standing, the proper procedure is to dismiss the complaint, and class issues are not reached in that instance. 1 Alba Conte and Herbert Newberg, Newberg on Class Actions § 2:9, at 109-110 (4th ed. 2002) ("[c]are must be taken, when dealing with apparently standing-related concepts in a class action context, to analyze individual standing requirements separately and apart from Rule 23 class prerequisites."). This does not mean that each named plaintiff must have a claim against each defendant. Instead, all that is required is that "for every named defendant there must be at least one named plaintiff who can assert a claim directly against that defendant." *Henry*, 223 F.R.D. at 544. The

- 8 -

1  inquiry then shifts to a Rule 23 analysis, after Article III standing is satisfied.  *Id.*

2  Here, none of the named Plaintiffs have alleged – and indeed cannot allege –

3  that RMC PMI was their employer.  Instead, Plaintiffs' Complaint affirmatively

4  asserts that Plaintiffs were employed by CEMEX, Inc.  In Plaintiff Lopez's

5  particular case, his notice to the LWDA also asserted that he was employed by

6  CEMEX, Inc. full time from 1975 to 2008.  (Defs.' RJN, Ex. A at 1.)  Plaintiffs

7  therefore can neither allege nor demonstrate injury by RMC PMI.

8  Accordingly, dismissal of Plaintiffs' claims against RMC PMI is appropriate

9  for failure to state a claim and for lack of standing under Rule 12(b)(6), or in the

10 alternative, Rule 12(b)(1) for lack of subject matter jurisdiction.

11 **B.    Plaintiffs' Fourth Cause Of Action For Failure To Provide An Accurate**
12 **      Itemized Wage Statement Fails To State A Claim**

13 Plaintiffs' Complaint contains causes of action for failure to provide meal

14 periods and rest periods under California law, seeking one additional hour of pay

15 "as compensation for the duty-free . . . periods not provided as required by law."

16 (Compl., ¶¶ 42, 49).  Those causes of action are not the subject of the instant

17 motion to dismiss.  Plaintiffs, however, attempt to bootstrap those claims into a

18 separate claim for penalties for failure to provide an accurate itemized wage

19 statement under Labor Code Section 226.  They allege in their Fourth Cause of

20 Action that that they were entitled to one additional hour of pay for all "meal and/or

21 rest periods not provided," and that Defendants did not include that additional hour

22 of pay on their wage statements, making their wage statements inaccurate.

23 (Compl., ¶ 64)  Plaintiffs further assert that Defendants' provision of inaccurate

24 itemized wage statements was knowing and intentional, entitling Plaintiffs to

25 statutory penalties under Labor Code Section 226(e).  (*Id.* at ¶¶ 63, 65, 66.)

26 Plaintiffs allege that they are entitled to relief on this cause of action from

27 November 3, 2004 to November 3, 2008.  (*Id.* at 64)

28 Labor Code Section 226 requires employers to furnish employees with an

- 9 -

accurate itemized wage statement showing, *inter alia*, gross wages earned, total hours worked, all deductions, and net wages earned.  Cal. Lab. Code § 226(a).)  It does <u>not</u> require employers to provide employees with an itemized wage statement reflecting amounts *not* paid.  Additionally, Plaintiffs impermissibly seek to recover based on an alleged four-year statute of limitations.  The statute of limitations for an action based upon a statutory penalty, including Labor Code section 226(e), is one year.  Cal. Code Civ. Proc. § 340; *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1118 n.16, 56 Cal. Rptr. 3d 880 (2007); *McCoy v. Sup. Ct.*, 157 Cal. App. 4th 225, 68 Cal. Rptr. 3d 483 (2007).  Accordingly, Plaintiffs' Fourth Cause of Action must be dismissed in its entirely, or at the very least, dismissed to the extent that it is barred by the one-year statute of limitations.

      1.   <u>Plaintiffs' Allegations Do Not Set Forth A Violation Of Labor Code Section 226(a)</u>

The purpose of Labor Code section 226(a)'s requirement that employers provide employees with an "accurate itemized statement" is to "provide transparency as to the calculation of wages."  (Defs.' RJN, Ex. I.)  The California Department of Industrial Relations, Division of Labor Standards Enforcement (DLSE), in interpreting Section 226(a), states that Section 226(a) is intended to "allow employees to maintain their own records of wages earned, deductions and pay received," and to "insure that workers receive their benefits and that correct taxes are paid to the proper taxing agencies."  (*Id.*; *see id.*, Ex. H.)  Thus, according to the DLSE, "enforcement efforts should be directed towards persons who are not making deductions or who are making deductions in violation of the statute."  (*Id.*)

Plaintiffs' allegations do not establish that Defendants have acted in a manner that is contrary to either the words or the purpose of the statute.  Plaintiffs do not allege that Defendants made unauthorized deductions from Plaintiffs' wages for any lunch or meal periods.  Nor do Plaintiffs allege that Plaintiffs' wage statements were inaccurate or misleading as to wage calculation, benefits, or taxes

- 10 -

paid.  In short, the wage statement correctly reflected what was paid to Plaintiffs, but did not reflect sums that were *not paid* to Plaintiffs.  Plaintiffs' wage statements therefore complied with the statute.

There is nothing in the statute or in the DLSE's assessment of the purpose of the statute that would require an employer to maintain a series of line items in its wage statements that do not apply to the particular wage statement in question, but are listed simply because those items could *possibly* be paid to that employee on some *possible* date.  Plaintiffs' allegations essentially and improperly impute a Labor Code section 226(a) requirement to include a line item on each pay statement for all possible payments that could have been made to an employee, but which were not made to that employee.  The law does not require this.  *See Murphy*, 40 Cal. 4th at 1112-13; *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 574, 67 Cal. Rptr. 3d 468 (2007) (finding that Section 226(a) "requires the employer to document *the basis of the employee compensation payments*, including the gross wages earned, the hours worked, the number of piece-rate units earned, and each deduction taken.") (emphasis added).  Moreover, it defies logic to assert that an employer can "knowingly" or "intentionally" *omit* a line item for something that it is *not* paying to an employee, so a claim for penalties cannot lie.[3]  Lab. Code § 226(e).  Again, the wage statements correctly identified all payments that *were* made to the employee for that pay period, and Plaintiffs do not allege otherwise.

Plaintiffs have not stated a claim for a violation of Labor Code section 226(a).  Nor will they be able to state a proper claim, given that the sole basis for their claim – that CEMEX did not list something not paid on an employee's pay

---

[3] In addition, prior to April 16, 2007, when the California Supreme Court issued its decision in *Murphy v. Kenneth Cole Productions, Inc.*, pay under Labor Code Section 226.7 was considered a "penalty" and not a "wage."  *Murphy* said that such payments should be considered a "wage."  *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094 (2007).  Nothing in Labor Code Section 226 mandates that an employer list penalty pay on an itemized wage stub, which is another reason that there certainly could not have been any "knowing" or "intentional" failure to do so by any employer prior to April 2007.

- 11 -

stub – cannot give rise to this cause of action.  Plaintiffs' Fourth Cause of Action must be dismissed for failure to state a claim.

> 2.   Plaintiffs' Fourth Cause Of Action Is Limited By A One-Year Statute Of Limitations

Plaintiffs acknowledge that they are seeking "penalties" under the Labor Code, but nonetheless assert that they are entitled to a four-year statute of limitations.  (Compl. at 20:18 & ¶ 64.)  Plaintiffs are mistaken as to the length of the applicable statute of limitations, which is one year.  Code Civ. Proc. § 340.

California Code of Civil Procedure section 340 sets forth a one-year statute of limitations for actions seeking recovery of statutory penalties.  Section 340 is acknowledged to set forth "the generally applicable statute of limitations for penalties." *McCoy*, 157 Cal. App. 4th at 233.  In *McCoy*, the court determined that where the Labor Code does not set forth a statute of limitations for a particular penalty, California Code of Civil Procedure section 340(a)'s one-year statute of limitations applies.  *Id.* at 233-34.  Because Labor Code sections 226(a) and (e) do not specify a statute of limitations, Section 340 applies to Plaintiffs' request for "penalties." *Id.*  Accordingly, Plaintiffs' recovery under the fourth cause of action is limited to a period of one year preceding the date of the filing of the initial complaint.  *See Id.*

Defendants request that this Court dismiss the Fourth Cause of Action in its entirety, but at a minimum, dismiss the claim to the extent that it seeks recovery for penalties incurred more than a year before the action was filed.

**C.   Plaintiffs' Fifth Cause Of Action For Enforcement Of The Private Attorneys General Act Is Barred By The Statute Of Limitations Because No Plaintiff Timely Exhausted Administrative Remedies**

Before alleging a claim under PAGA, California Labor Code section 2698, *et seq.*, an aggrieved employee must first give written notice of the alleged Labor Code violation to both the employer and the Labor and Workforce Development Agency (LWDA).  Cal. Lab. Code § 2699.3(a); *Arias v. Sup. Ct.*, 46 Cal. 4th 969,

- 12 -

1   981, 95 Cal. Rptr. 3d 588 (2009); *Helm v. Alderwoods Group, Inc.*, Nos. C 08-
2   01184 SI and C 08-1190 SI, 2009 U.S. Dist. LEXIS 65523 (N.D. Cal. July 29,
3   2009).  The notice must include the specific provisions of the code alleged to have
4   been violated and the facts and theories to support the violation.  Cal. Lab. Code §
5   2699.3(a)(1).  PAGA claims are subject to a one-year statute of limitations,
6   meaning that a claimant has one year to file the required notice with the LWDA.
7   *Baas*, 2009 U.S. Dist. LEXIS 57531, at *17; *Thomas v. Home Depot USA Inc.*, 527
8   F. Supp. 2d 1003, 1008 (N.D. Cal. 2007).

9        Here, none of the named Plaintiffs timely complied with the administrative
10   prerequisites to bringing a PAGA claim.  While Plaintiffs make a conclusory
11   allegation that they have exhausted their administrative remedies (Compl., ¶ 75),
12   they did not allege sufficient facts to demonstrate that. *Iqbal*, 129 S. Ct. at 1949.  In
13   fact, only Plaintiff Rubin Lopez submitted a notice to the LWDA, and Plaintiff
14   Lopez's notice was sent after the one-year statute of limitations had passed.
15   Plaintiff Lopez was terminated from his employment with Defendant CEMEX,
16   Inc., on January 31, 2008 (Defs.' RJN, Ex. B), and did not give written notice to the
17   LWDA of his PAGA claim until February 24, 2009.  (*Id.*)  Because Plaintiff Lopez
18   did not even serve the required notice until after the one-year statute of limitations
19   had run, he may not now assert a claim under the PAGA.  *Baas*, 2009 U.S. Dist.
20   LEXIS 57531, at *17.  Nor does Plaintiffs' PAGA claim relate back to the initial
21   filing of the *Lucas* lawsuit, because the PAGA notice is a condition precedent to
22   filing suit.  *Id.*, *citing to Moreno v. Autozone, Inc.*, 2007 U.S. Dist. LEXIS 43873,
23   *4 (N.D. Cal. June 5, 2007) ("[Plaintiff] cannot take advantage of a relation-back
24   doctrine to cure the untimeliness of her claim, as the PAGA notice is a condition
25   precedent to filing suit.").

26        No other named Plaintiff ever submitted the required notice to the LWDA or
27   to Defendants.  And because each of the named Plaintiffs was terminated more than
28   one year ago (*see* Defs.' RJN, Exs. B-F), they will not now be able to timely

- 13 -

1   exhaust their administrative remedies.  Each of the named Plaintiffs failed to timely

2   comply with required administrative procedures before filing suit, so their claims

3   are barred by the statute of limitations.  *Baas*, 2009 U.S. Dist. LEXIS 57531 at *17;

4   *see* Cal. Lab. Code § 2699.3(a).  Thus, none can pursue this claim in a

5   representative capacity.  *Thomas*, 527 F. Supp. 2d at 1009.

6   **D.   As Former Employees, Plaintiffs Lack Standing To Maintain Their
7        Requests For Injunctive And Declaratory Relief**

8        Plaintiffs seek injunctive relief to "prevent Defendants from repeating the

9   wrongful business practices alleged herein."  (Compl., ¶ 87.)  Plaintiffs' Prayer for

10  Relief includes a request that this Court issue a preliminary and permanent

11  injunction against Defendants to allegedly restrain Defendants from violating the

12  Labor Code and wage orders "now and in the future," and asks this Court to grant a

13  declaratory judgment that Defendants have violated various provisions of the

14  California Labor Code and wage orders.  (Compl., "Prayer for Relief," ¶¶ 2(a), 3(a),

15  4(a), 5(a), 6(a), & 7(c).)  However, each of the named Plaintiffs allege that they are

16  former employees of Defendant CEMEX.  (Compl., ¶¶ 3, 5-8; *see also* Defs.' Req.

17  Judicial Not. (Defs.' RJN), Exs. B-F.)  As former employees, Plaintiffs lack

18  standing to maintain a request for injunctive and declaratory relief.  *Baas*, 2009

19  U.S. Dist. LEXIS 57531 at *6.  Defendants therefore move to strike those requests.

20       As discussed above, as a prerequisite to the adjudication of their claims,

21  Plaintiffs must establish that they have standing under Article III of the U.S.

22  Constitution.  *Covington v. Idaho*, 358 F.3d 626, 637 (9th Cir. 2004).  Standing

23  requires, *inter alia*, that Plaintiffs have suffered an "injury in fact" that is actual or

24  imminent.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  As former

25  employees, however, Plaintiffs cannot establish that they face "a credible threat of

26  future injury which is sufficiently concrete and particularized to meet the 'case or

27  controversy' requirement of Article III."  *Stevens v. Harper*, 213 F.R.D. 358, 366

28  (E.D. Cal. 2002 (internal citations omitted); *Baas v. Dollar Tree Stores, Inc.*, No. C

- 14 -

07-03108 JSW, 2009 U.S. Dist. LEXIS 57531, at *7-8 (N.D. Cal. June 18, 2009).

The court's power to grant injunctive relief is hamstrung where, as here, no imminent threat of future injury exists. *Stevens*, 213 F.R.D. at 366; *Baas*, 2009 U.S. Dist. LEXIS 57531, at *8-9. In *Baas*, the district court struck the plaintiffs' request for injunctive relief to enjoin future wage and hour violations on the grounds that the former employee-plaintiffs lacked standing. 2009 U.S. Dist. LEXIS 57531. As the court in *Baas* acknowledged, "'at least one *named* plaintiff must satisfy the actual injury component of standing in order to seek relief on behalf of himself or the class.'" *Id.* at *9, *quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1002 n.7 (9th Cir. 2006) (emphasis in original). Because each of the named Plaintiffs acknowledges that he is no longer employed by Defendant CEMEX, Inc. (Compl., ¶¶ 3, 5-8), Plaintiffs lack standing to seek injunctive or declaratory relief. *Baas*, 2009 U.S. Dist. LEXIS 57531, at *17. As such, Plaintiffs' Prayer for Relief seeking injunctive and declaratory relief must be stricken from the Complaint. (*See* Compl., "Prayer for Relief," ¶¶ 2(a), 3(a), 4(a), 5(a), 6(a), & 7(c).)

**E.    Plaintiffs' Requests For Punitive Damages For Alleged Labor Code Violations Must Be Stricken From The Complaint Because The Labor Code Provides Plaintiffs' Exclusive Remedy**

Plaintiffs seek both punitive damages and statutory penalties for Defendants' alleged failure to compensate them for missed meal and rest periods, and for unpaid wages and overtime, in violation of the California Labor Code. (Compl., "Prayer for Relief," ¶¶ 2(c), 3(c), & 10(f).) But Plaintiffs, for the reasons discussed below, are not entitled to punitive damages. Where, as here, punitive damages are not recoverable as a matter of law, a motion to strike is appropriate. *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005). Accordingly, Plaintiffs' request for punitive damages pursuant to their first, second, ninth, and tenth causes of action – all claims for violations of the Labor Code – must be stricken from the Complaint. (*See* Compl., "Prayer for Relief," ¶¶ 2(c), 3(c), & 10(f).)

The California Court of Appeal recently and decisively determined that

- 15 -

1    "punitive damages are not recoverable when liability is premised solely on the

2    employer's violation of the Labor Code statutes . . . ."  *Brewer v. Premier Golf*

3    *Properties, LP*, 168 Cal. App. 4th 1243, 1252, 86 Cal. Rptr. 225 (2008), *review*

4    *denied*, 2009 Cal. LEXIS 2986 (March 18, 2009).  The *Brewer* Court reasoned that

5    because the Labor Code created new rights with respect to, *inter alia*, meal and rest

6    breaks, minimum wage, and pay stubs that did not previously exist at common law,

7    plaintiffs were only entitled to recover statutory remedies, and not common law tort

8    remedies, including punitive damages.  *Id.* at 1252-56.  This is because "where a

9    statute creates a right that did not exist at common law and provides a

10   comprehensive and detailed remedial scheme for its enforcement, the statutory

11   remedy is exclusive."  *Rojo v. Kliger*, 52 Cal. 3d 65, 79, 276 Cal. Rptr. 130 (1990);

12   *Lubner v. Los Angeles*, 45 Cal. App. 4th 525, 530, 53 Cal. Rptr. 2d 24 (1996).  The

13   *Brewer* Court held that the Labor Code did in fact provide a "comprehensive set of

14   rights and remedies for employees" and therefore found that the plaintiff-employee

15   was not entitled to recover punitive damages in addition to statutory penalties.

16   *Brewer*, 168 Cal. App. 4th at 1254, 1256 (internal citations and quotations omitted).

17       The courts of this Circuit too have specifically held that punitive damages are

18   not available for claims of unpaid meal periods, rest breaks, and overtime wages

19   based on the same reasoning articulated in *Brewer.*  In *Green v. Party City*

20   *Corporation*, the court held that the plaintiff was limited to the remedies provided

21   by statute and barred the plaintiff from asserting a common law conversion claim

22   for unpaid overtime wages and from seeking punitive damages.  *Green v. Party*

23   *City Corp.*, No. CV 01-09681 CAS(Ex), 2002 U.S. Dist. LEXIS 7750, at *13-14

24   (C.D. Cal. April 9, 2002).  Similarly, in *Pulido v. Coca-Cola Enterprises*, this Court

25   dismissed the plaintiffs' conversion claim based on defendants' alleged failure to

26   properly compensate plaintiffs for missed meal and rest periods because the Labor

27   Code provides the exclusive remedy to recover payments for such violations.

28   *Pulido v. Coca-Cola Enters.*, No. ED CV 06-406 VAP(OPx), 2006 U.S. Dist.

- 16 -

LEXIS 43765, at *24-28 (C.D. Cal. May 25, 2006).  And in *Czechowski v. Tandy Corporation*, the court rejected the plaintiff class' request for punitive damages for Labor Code violations because the "Legislature's provision of [] statutory penalties precludes an award of punitive damages."  *Czechowski*, 731 F. Supp. 406, 410 (N.D. Cal. 1990).  Indeed, Plaintiffs' Complaint plainly references the Labor Code's remedial scheme, and seeks recovery based on these statutorily-provided remedies in addition to punitive damages.  (Compl., "Prayer for Relief," ¶¶ 2(b), 3(b), 10(c) and (d).)  These cases make clear, however, that Plaintiffs' potential recovery is limited to statutory remedies only.

Further, Plaintiffs' request for both punitive damages and statutory penalties based on the same cause of action is prohibited by law.  A recovery of both punitive damages and statutory penalties would constitute an impermissible double recovery for the same act.  *De Anza Santa Cruz Mobile Estates Homeowners Assn. v. De Anza Santa Cruz Mobile Estates*, 94 Cal. App. 4th 890, 912, 114 Cal. Rptr. 2d 708 (2001).  The penalties provided by the Labor Code are all that are available.  *Id.*  As such, Plaintiffs' request for punitive damages based on the first, second, ninth, and tenth causes of action must be stricken from the Complaint.  (*See* Compl., "Prayer for Relief," ¶¶ 2(c), 3(c), & 10(f).)

**F.     Plaintiffs' References To Inapplicable Wage Orders Must Be Stricken From The Complaint**

Plaintiffs acknowledge that they were employed as quarry workers by Defendant CEMEX, and that their work was performed "in connection with the excavation of rock and gravel used in the production of cement and other building material." (Compl., ¶¶ 3-4.)  Nonetheless, Plaintiffs' Complaint repeatedly cites to various wage orders that apply to other industries and occupations that are unrelated to Plaintiffs' work in Defendants' quarries.  Plaintiffs also fail to reference Wage Order 16-2001, which regulates the wages, hours, and working conditions in the mining industries, and is the wage order that is applicable to Plaintiffs' claims.  (*See*

- 17 -

Defs.' RJN, Ex. G.)  Because Plaintiffs' reliance on Wage Orders 1, 4, 7, and 9 is misplaced, Plaintiffs' references to these wage orders must be stricken from the Complaint as immaterial matter in accordance with Rule 12(f) of the Federal Rules of Civil Procedure.  (*See, e.g.,* Compl. ¶¶ 25, 30, 34-37, 40, 42, 47, 49, 58, 71-73, 75, 108, 111, 116.)

Wage Order 16-2001 covers those employees engaged in "work required to mine and/or establish pits, *quarries*, and surface or underground mines for the purposes of exploration or extraction of nonmetallic minerals and ores, coal, and *building materials such as stone and gravel . . .*"  (Industrial Welfare Commission (I.W.C.) Order No. 16-2001 at 1 (emphasis added).)  Wage Order 16 unmistakably applies to this action, where Plaintiffs admitted in their Complaint that they performed work in quarries "in connection with the excavation of rock and gravel." (Compl., ¶ 4.)  Plaintiffs' references to Wage Orders 1 (which applies to the manufacturing industry), 4 (which applies to professional, technical, clerical, mechanical, and similar occupations), 7 (which applies to the mercantile industry), and 9 (which applies to the transportation industry) are misplaced and inapplicable to the work that was performed by Plaintiffs while employed by Defendants.

A motion to strike is appropriate here, where Plaintiffs include "immaterial" matter in their Complaint.  Fed. R. Civ. P. 12(f).  "Immaterial" matter has no "essential or important relationship to the claim for relief or the defenses being plead."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,* 510 U.S. 517, 534-35, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Here, not only are Plaintiffs' references to inapplicable wage orders immaterial to Plaintiffs' claims, but they run the risk of confusion and prejudice to Defendants. *Fantasy, Inc.*, 984 F.2d at 528.  Plaintiffs' improper citations to Wage Orders 1, 4, 7, and 9, which govern unrelated industries and do not accurately recite the working conditions, exemptions, and other terms related to employment in the mining industry, are the proper subject of a motion to strike.  Defendants therefore

respectfully request that this Court strike all references to Wage Orders 1, 4, 7, and 9, including, but not limited to, Complaint paragraphs 25, 30, 34-37, 40, 42, 47, 49, 58, 71-73, 75, 108, 111, and 116.

### IV.   CONCLUSION

For the reasons articulated above, Defendants respectfully request that this Court grant their motion to strike under Rule 12(f) and motion to dismiss under Rule 12(b)(6).  Defendant RMC PMI additionally requests that the Court grant its motion to dismiss under Rule 12(b)(6) or, in the alternative, under Rule 12(b)(1).

DATED:  October 19, 2009          HANSON BRIDGETT LLP


By:  /s/  Sandra L. Rappaport
SANDRA L. RAPPAPORT
DOROTHY S. LIU
SAMANTHA D. WOLFF
Attorneys for Defendants
CEMEX, INC., RMC PACIFIC MATERIALS, INC., and CEMEX CONSTRUCTION MATERIALS PACIFIC, LLC

DEFS.' MEM. P. & A. SUPP. DEFS.' MOT. TO STRIKE AND TO DISMISS
CASE NO. CV 09-3592 AHM (AGRx)

2061519.2