1
2
3
4
5
6
7

HANSON BRIDGETT LLP
SANDRA L. RAPPAPORT - 172990
srappaport@hansonbridgett.com
DOROTHY S. LIU - 196369
dliu@hansonbridgett.com
SAMANTHA D. WOLFF - 240280
swolff@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

*NOTE CHANGES MADE BY THE COURT*

8
9

Attorneys for Defendants
CEMEX, INC. and CEMEX CONSTRUCTION
MATERIALS PACIFIC, LLC

10
11
12

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13 RUBIN LOPEZ, JOSEPH R.<br>14 LUCAS, OSCAR ALMANZA,<br>JEREMY CASTLE and JOHN<br>15 CORDAY on behalf of himself, and<br>all others similarly situated,<br>16<br>Plaintiffs,<br>17<br>v.<br>18<br>CEMEX, INC., a Corporation;<br>19 CEMEX CONSTRUCTION<br>MATERIALS PACIFIC, LLC, and<br>20 DOES 1 through 60, inclusive,<br>21<br>Defendants. | Case No. CV09-3592-AHM (AGRx)<br><br>**DISCOVERY MATTER**<br><br>~~[PROPOSED]~~ STIPULATED<br>PROTECTIVE ORDER<br><br>Judge: Hon. A. Howard Matz<br>Action Filed: April 14, 2009<br>Removed: May 20, 2009 |

23    The Court has read and approves the parties' stipulated protective order as

24  follows:

25  **A.    DEFINITIONS**

26        1.    "ACTION" shall mean the above-captioned action and any appeal(s)

27  of that action.

28        2.    "PARTIES" shall mean all parties of record in the ACTION, including

-1-

1   all counsel of record, their employees, contractors, representatives, and agents.

2       3.    "DOCUMENT(S)" shall mean any document or electronically stored

3   information -- including writings, drawings, graphs, charts, photographs, sound

4   recordings, images, and other data or data compilations stored in any medium from

5   which information can be obtained either directly or after translation into a usable

6   form -- as defined by Federal Rule of Civil Procedure 34(a)(1)(A).

7       4.    "CONFIDENTIAL MATERIALS" shall include all DOCUMENTS

8   produced in the course of the ACTION that:

9         a)  contain personal identifying information regarding any individual,

10   including but not limited to employees;

11         b)  contain information impacting the right of privacy regarding any

12   individual, including employees;

13         c)  have not been made public and which concern or relate to the

14   processes, operations, type or work, or to the production, sales, shipments,

15   purchases, transfers, identification of customers, inventories, amount or source of

16   any income, profits, losses, or expenditures of any persons, firm, partnership,

17   corporation, or other organization, the disclosure of which information may have

18   the effect of causing harm to the competitive position of the person, firm,

19   partnership, corporation, or to the organization from which the information was

20   obtained.

21   **B.    PROCEDURES FOR USE AND DISCLOSURE OF CONFIDENTIAL**
22   **MATERIAL**

23       5.    CONFIDENTIAL MATERIAL shall be so designated by stamping

24   copies of the document produced to a party with the legend "CONFIDENTIAL."

25   Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document

26   shall designate all pages of the document as confidential, unless otherwise indicated

27   by the producing party.

28       6.    Testimony taken at a deposition may be designated as confidential by

- 2 -

1    making a statement to that effect on the record at the deposition or other ACTION.

2        7.    CONFIDENTIAL MATERIAL shall be protected by the PARTIES

3    and may only be used in a manner that is consistent with this Order, and only as

4    necessary for the purpose of the prosecution, defense, or settlement of this

5    ACTION and for no other purpose.  CONFIDENTIAL MATERIAL shall not be

6    used in any other lawsuit, action, or other matter.  Nothing in this Order restricts the

7    ability of any party to use or disclose its own CONFIDENTIAL MATERIAL.

8        8.    CONFIDENTIAL MATERIAL produced under this Order may be

9    disclosed or made available only to the Court, to counsel for a party (including the

10   paralegal, clerical, and secretarial staff employed by such counsel), and to the

11   "qualified persons" designated below:

12           a) a party, or an officer, director, or employee of a party deemed

13   necessary by counsel to aid in the prosecution, defense, or settlement of this

14   ACTION;

15           b) experts or consultants retained by the PARTIES in this ACTION;

16           c) court reporters employed in this action;   *other than trial,*   AGR

17           d) witnesses testifying during any aspect of the ACTION/or

18   designated by the PARTIES in this ACTION; and

19           e) any other person as to whom both PARTIES agree in writing.

20       9.    With the exception of the PARTIES and court personnel,   *before trial*   AGR

21   CONFIDENTIAL MATERIAL shall not be disclosed to any person or entity/unless
     (1)
22   /that person or entity first agrees to the terms and conditions of this Order in writing,

23   in the form of a nondisclosure agreement (*see* Attachment A), or on the record in
                                    *or (2) ordered by the court.*
AGR 24   the ACTION/  The disclosing party shall retain the executed nondisclosure

25   agreement, and shall provide a copy to the PARTIES within seven days after the

26   agreement is signed.

27       10.   The PARTIES may further designate certain discovery material or

28   testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL--

- 3 -

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. CV 09-3592 AHM (AGR)                                    2338152.2

1    ATTORNEY'S EYES ONLY," in the manner described in Paragraphs 5 and 6

2    above.  Such material shall be disclosed only to the Court, to counsel for the

3    PARTIES (including the paralegal, clerical, and secretarial staff), and to the

4    "qualified persons" listed in Paragraph 8(b) through (e) above, but shall not be

5    disclosed to a party, or to an officer, director, or employee of a party, unless

6    otherwise agreed or ordered.

7         11.    A party seeking to file confidential information under seal must

8    comply with the procedures in Local Rule 79-5.

9         12.    CONFIDENTIAL MATERIAL filed under seal shall be labeled with a

10   cover sheet bearing the case name and number, along with the following statement:

11   "This document is subject to a protective order in this case and shall not be copied

12   or examined except in compliance with that order."

13        13.    All persons and entities having access to CONFIDENTIAL

14   MATERIAL shall not make copies of the CONFIDENTIAL MATERIAL except as

15   necessary for the ACTION, and they shall maintain control of any such copies in

16   compliance with this Order.

17        14.    All CONFIDENTIAL MATERIAL shall be maintained with adequate

18   security to ensure compliance with this Order.  The PARTIES shall maintain a

19   record of the persons and entities granted access to CONFIDENTIAL MATERIAL.

20        15.    Each person or entity having access to CONFIDENTIAL MATERIAL

21   shall not disclose or discuss the content of the CONFIDENTIAL MATERIAL

22   except as provided in this Order.

23        16.    Nothing in this Order shall prevent any person or entity from accessing

24   or using CONFIDENTIAL MATERIAL as otherwise authorized in the normal

25   scope of their official duties.

26        17.    Nothing in this Order shall affect the admissibility of

27   CONFIDENTIAL MATERIAL for any use in this ACTION, including during trial.

28   / / /

-4-

## C.   DISPOSITION OF CONFIDENTIAL MATERIAL UPON TERMINATION OF THE ACTION

18.    After the ACTION is closed, terminated, or otherwise concluded, each person or entity who has possession, custody, or control of CONFIDENTIAL MATERIAL shall maintain the confidentiality of the information, and shall agree to destroy the CONFIDENTIAL MATERIAL in accordance with each person or entity's file-destruction policy.

19.    This Order shall survive the final termination of this ACTION, to the extent that the information contained in CONFIDENTIAL MATERIAL is not or does not become known to the public.

## D.   MISCELLANEOUS PROVISIONS

20.    The terms and conditions of this Order are without prejudice to the right of any party:

       a) to apply to the Court for a different protective order or for a modification of this Order;

       b) to object to a discovery request;

       c) to withhold documents on the basis of privilege;

       d) to apply to the Court for an order compelling production of documents;

       e) to apply for an order permitting disclosure of any CONFIDENTIAL MATERIAL.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 5 -

1    21.    All DOCUMENTS produced by any PARTY during the course of the

2  ACTION shall be used solely in connection with the ACTION.  The PARTIES

3  agree that any DOCUMENT produced during the course of the ACTION shall not

4  be used or disseminated for any other purpose, including but not limited to, pending

5  or future litigation in any court. *Nothing in this Order restricts the ability of any party to use or disclose its own CONFIDENTIAL MATERIAL.*

6  IT IS SO ORDERED.

7

8  Dated: *July 7, 2010*          *Alicia G. Rosenberg*

9                                              The Honorable Alicia G. Rosenberg
                                               U.S. Magistrate Judge

10

*22.  Nothing in this Order restricts the use of, or disclosure of, CONFIDENTIAL MATERIAL at trial. CONFIDENTIAL MATERIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY material used at trial shall become public absent a separate court order upon motion and sufficient cause shown.*

11

12

13  *AGR*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -